Downey, Judge,
delivered the opinion of the court:
The action is to recover certain excise taxes said to have been erroneously assessed, and involves in its determination the character of the subject matter of the tax called “ semitrailers.”
A trailer is a vehicle for the carrying of persons or property, chiefly the latter, which has no motive power of its own, but is moved by being attached by one method or another to another vehicle having propelling power or being horse drawn. The method of attachment may be said to be the distinguishing feature of the type of trailer here involved.
There are four-wheel trailers, which carry on their own wheels all the load imposed on them and are simply drawn by being attached to the rear of the propelling vehicle. There are two-wheel trailers, necessarily attached by a rigid tongue to the propelling vehicle, and these carry all or varying parts of the load imposed, dependent upon construction. If the axle upon which the bed is mounted is in the center from front to rear and the load is balanced, its weight is all carried on its own axle and wheels, but to the extent that the axle is set to the rear of the center or the load is to the front, a part of the weight is borne, through the tongue, by the vehicle to which it is attached. It is conceded that neither of these types are taxable.
The semitrailer, so called, differs somewhat from these types, but chiefly in the method of attachment. Instead of being so attached that it stands entirely in the rear of the *470 drawing vehicle, the front end overlaps the rear frame of the latter and the attachment is by means of the “ Martin Rocking Fifth Wheel,” performing the functions of a fifth wheel as commonly used in horse-drawn vehicles, and consisting of two parts, one of which is fastened on top of the rear frame of the drawing vehicle and the other beneath the front end of the trailer, the connection being by means of a kingbolt so placed that the two parts of the fifth wheel coincide.
The use of this fifth wheel does not seem to be of importance in the determination of the case. When it was sold by the manufacturer with the trailer the part intended to be attached to the drawing vehicle was for attachment to any drawing vehicle so constructed that it might receive it, and not necessarily to a truck chassis. When the trailer was attached to a drawing vehicle the attachment must be such as to allow some movement to compensate turns and this device was well adapted for that purpose, but evidently not a necessity. It is compared to the fifth wheel of a wagon and the comparison is apparently on the assumption that a fifth wheel was a necessary part of a wagon. Fifth wheels were possibly always used on carriages and buggies, but on farm wagons a kingbolt extending through the bolster, the front end of the reach, and the front axle commonly serve the purpose.
Section 900 of the revenue act of 1918, 40 Stat. 1122, provides, in part, as follows:
“ Sec. 900. That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer a tax equivalent to the following percentages of the price for which so sold or leased:
“(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum.
“ (2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum.
“(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to *471 any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum.”
The tax was levied at 5 per centum and was evidently assessed under paragraph (3).
The legislative history of the bill is cited in much detail. It appears that “ trailers ” and “ tractors ” were at one time included in its provisions, but that “ trailers ” was stricken out, and, as appears in paragraph (2), tractors were expressly excepted. The plaintiff lays much stress on the fact that trailers, once included in the bill, were stricken out, while the defendant, citing the exception of tractors without the inclusion of trailers therein, argues that plaintiff’s contention is in effect the claiming of an exemption, and that it must therefore bring itself strictly within the terms of such exemption, and argues that the “ divorcing ” of trailers and tractors, once included together, was because Congress concluded that “ trailers ” were included in “ parts.”
The theory first suggested by defendant is not tenable under the law of the case. We do not have an act which in terms taxes the article in question and from which it is sought to escape by a contention that the article is within an exception. And we must be mindful of the primary rule that only those things can be taxed which are by the law specifically made the subject of a tax or at least are within the plain import of the language used. The right of the Commissioner of Internal Revenue to levy a tax is a right which must be affirmatively derived from the taxing act.
In Gould v. Gould, 245 U. S. 151, it is said: “ In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government and in favor of the citizen.” In the very recent case of United States v. Merriam, 263 U. S. 179, the Gould case is cited, and it is said: “ On behalf of the Government it is urged that taxation is a practical matter and concerns itself with the substance of the thing upon *472 which the tax is imposed rather than with legal forms of expression. But in statutes levying taxes the literal meaning of the words employed is most important, for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer.” There are many other cases recognizing the same rule, but it is well stated in the citations above, and further references seem unnecessary.
The theory of counsel that Congress omitted trailers from the taxing act without specifically exempting them because trailers were included in “ parts ” is in line with and possibly follows the construction finally put upon the act by the commissioner. By regulation subsequent to the act in question it was declared that “Automobile trailers, regardless of the number of wheels which they may have, are not parts of or accessories for automobiles,” but by amended regulations nearly a year later it was declared that trailers are not taxable but that “so-called trailers or ‘semi-trailers’ so designed that a portion of the load or the weight thereof is carried or borne by the tractor or semi-tractor are taxable as automobile trucks or automobile wagons.” In rejecting plaintiff’s claim for refund, the commissioner said: “This office holds, in accordance with the law and regulations, that semi-trailers are taxable as parts under section 900 of the revenue act of 1918, when sold by the manufacturer.” It should not be necessary to say that a regulation could not make them taxable if they were not taxable under the law.
Resort to the law in search of support for the regulation and the holding leads us necessarily to a consideration of the meaning, the scope, the plain import of the word “ parts ” as used in paragraph (8) of section 900 quoted above. “ Parts,” as used in that paragraph, are “ parts ” for [italics ours] the articles enumerated in paragraphs (1) and (2), which are “ automobile trucks,” “ automobile wagons,” “ other automobiles,” and “ motor cycles,” “ except tractors.”
It would seem that it ought to be unnecessary to discuss the plain, everyday, generally understood meaning of the word “ parts ” or the proposition that where words have an ordinary, usual, and commonly accepted meaning they must *473 be so construed. Such a meaning is presumed to have been in the legislative mind and it may not be changed by regulation. Indeed, if the rule is of more force in one instance than in another it can find no better place for its most stringent application than to a taxing act. And to this statement it may well be added that if words in a taxing act are of doubtful meaning they must be construed against the taxing power and in favor of the taxpayer, a rule which, unfortunately, seems to be quite generally reversed in its application.
These are days of the automobile, the automobile truck, etc., and applicable terms are no longer as Greek to the average inhabitant. “Parts” break, “parts” wear out, the service station is at hand stocked with “parts” and the broken or worn gear wheel, shaft, bearing, or whatever it may be, is there replaced by a new one. It is a “part” furnished from a stock of “parts” and the meaning of the word is of such common understanding that it amounts to something akin to lese majeste for counsel to intimate that Members of Congress could have so far misconceived its meaning.
But a rather ingenious theory is developed by the defense apparently furnishing, or at least attempting to furnish, a different application for the word “ parts.” Considering the semi-trailer as attached by the described method over the rear frame of a motor-truck chassis or a tractor it is argued that the combination constitutes a motor truck and that there the trailer is a part of an automobile truck. Assuming, but not conceding, that the combination of the two elements did in fact constitute an automobile truck of which the trailer was one of two parts, it is apparent that the use of the word “ part ” in that sense is widely different from the commonly accepted meaning of the word as used in the taxing act.
If discussion of this theory were necessary and justified the required time and space, it would be interesting to visualize a number of trailers being used with varying types of propelling power, standing detached while being loaded or unloaded, moved now by one motor vehicle, now by another, now a part of one truck by combination with one *474 motor vehicle, and now a part of another truck by combination with another motor vehicle.
But the combination which the regulation declares makes the semitrailers taxable as “ parts ” (quoted) of automobile trucks or automobile wagons is a combination with tractors or semitractors. We are not told what “semitractors” are, but a combination with a tractor is a combination with a nontaxable motive power, so that an article nontaxable except as a “ part ” becomes taxable as a “ part ” of a taxable unit when combined with another nontaxable. unit. And if the combination constitutes an automobile truck which is taxable and the trailer thus becomes taxable as a “ part ” why does not the tractor become taxable also as a part of the automobile truck even though as a tractor it is exempted ? Further consideration of possible situations can but serve to demonstrate an unjustifiable theory already sufficiently apparent. The attempted construction is so far without the plain meaning of the language of the act that its adoption is rather incomprehensible to say the least of it.
We are of the opinion that the tax in question was erroneously assessed and have therefore directed judgment for the plaintiff in the amount claimed, which, in that respect, is undisputed.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.