Booth, Judge,
delivered the opinion of the court:
Plaintiff sues to recover excise taxes claimed to have been illegally exacted by the Commissioner of Internal Revenue over a period extending from February 28, 1922, to November 30, 1923. The amount of tax paid is $4,963.06. The *168 plaintiff is an Illinois corporation engaged' in the manufacture and sale of storage batteries. The batteries taxed and upon which this suit is founded were batteries designed for use in automobiles. The commissioner assessed and collected the tax under section 900 of the revenue acts of 1918-1919. This section and its subdivisions read as follows:
From and after February 24, 1919 (1918 act) (January 1, 1922, 1921 act), “there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—
“ (1) Automobile trucks and automobile wagons, (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 8 per centum.
“(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum.
“(3) Tires, inner tubes, parts, or accessories, for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum; * * * ” (40 Stat. 1057,1122.)
The issue narrows to the single contention, i. e., are storage batteries a part or accessory of an automobile ?
Article 14 of Regulations 47 adopted by the commissioner is in part as follows:
“ * * * any article which has reached a state of manu- - facture wherein it is in itself a component part or accessory, and is of such a nature that it may be used or attached by an ordinary repair man or individual user as distinguished from a manufacturer or producer, is subject to tax as a part ’ or ‘ accessory.’ ”
Article 15 of the same regulation is in the following language:
“ * * * any article designed or manufactured for the special purpose of being used as or to replace a component part of any such vehicle and which by reason of some peculiar characteristic is not such a commercial commodity as would ordinarily be sold for general use and which is primarily *169 adapted only for use as a component part of such vehicle. * * *
“Articles, however, which ordinarily would be classed as commercial commodities become parts when, because of their design or construction, they are primarily adapted for use as component parts of such vehicles.
“ Component parts of articles taxable under this definition are taxable when sold separately, if they have reached such stage of manufacture that they are primarily adapted for use as such a component part.”
Article 16 contains the following provisions:
“ * * * any article designed to be attached to or used in connection with such vehicle to add to its utility or ornamentation and which is primarily adapted for use in connection with such vehicle, whether or not essential to its operation. * * *
“Articles which have a general commercial use and which are not especially designed and peculiarly adapted for use in connection with automobile trucks, automobile wagons, other automobiles, or motor cycles are not subject to tax as ‘ parts ’ or ‘ accessories.’ * * *
“Parts or accessories for automobile trucks, automobile wagons, other automobiles or motor cycles primarily adapted for use on or in connection therewith when sold for any other purpose are not taxable provided the purchaser files with his order a statement that such parts or accessories are to be used on or in connection with another article of commerce not enumerated or included in subdivisions (1), (2), or (3) of section 900. For example, a self-starter primarily adapted for use on an automobile, if sold to a manufacturer of motor boats, such manufacturer stating in his order that it is to be used in the manufacture of a motor boat and not upon an- automobile, is not taxable.”
The plaintiff does not assert that a storage battery, such as here involved, does not fall within article 14 of the regulations. The exemption claimed is obviously predicated upon the second paragraph of article 16 of the regulations. An argument is advanced that the plaintiff’s product is one of general commercial use and while adaptable-to use in an automobile it is not restricted to such a use. In other words, while used in automobiles, storage batteries are of such general utility that it may not be said of them that they are especially designed for automobiles.
*170 We hardly think it essential to enter upon a scientific resume of the origin and detail construction of storage batteries and manner of functioning. It is not denied, and obviously is incapable of disputation, that an automobile so far as locomotion is concerned, if operated by a gasoline engine, would be a more than useless device without a storage battery. This case in our opinion turns upon the restricted issue as to whether a storage battery, especially adapted for and so designed and advertised as to meet the essential requirements of locomotive power, is a part or accessory of an automobile. The fact that a storage battery is available for use for a number of purposes other than for an automobile, or, that its creation antedated the invention of the automobile, is not determinate of the issue. A variety of parts of an automobile are susceptible of use in other devices, and other parts, both as to form and functioning elements, existed long prior to the coming of the automobile itself. What seems to us to turn the contention is the fact that in a combination of various elements to function in a certain way the accomplishment of the purpose .is only attainable where a gasoline engine is used by coupling certain elements up with a storage battery, and without its presence the mechanism is useless. We think, therefore, that where a manufacturer of storage batteries seeks the custom of the automobile trade, assures the latter of the especial qualifies of his battery and designs it as part of the automobile into which it is to be introduced, Congress intended by the taxing act to reach it as a source of revenue. The commissioner is careful not to tax storage batteries as such, and adopts a method of procedure which reaches only those as described in the findings.
The defendant’s quotation from the case of Magone v. Wiederer, 159 U. S. 555, 559, seems apposite:
“ If exclusive use were made the test, then an exception would destroy the rule; for however general and universal the use of a particular article might be, if exceptionally used for another purpose, such use would destroy the effect of the general and common use, and make the exception the controlling factor. It is urged that if exclusive use is not made *171 the criterion it will be impossible to assess duties, because of the difficulty of ascertaining the chief or general and common use; but it is manifest that this argument of inconvenience is a mistaken one, and that, on the contrary, it would be impossible to resort to use as a criterion of classification if exclusive use must be ascertained in so doing, for that which is generally and commonly done may be known, but that which is so universally done as to be without any exception is difficult, if not impossible, of ascertainment.”
This court has passed upon somewhat similar contentions to those involved in the instant case, and the plaintiff has cited them as applicable to its argument. In the Martin Rocking Fifth Wheel Co. case, 60 C. Cls. 466, the device sought to be made a part of an automobile was a distinct and totally separate device. True it was attached to the automobile; but it was more or less a convenience and in nowise essential to the movement of the automobile itself. The National Rubber Filler Co. case, 63 C. Cls. 337, is different from this case in most all respects. The substance used to lengthen the life of a tube on the verge of final extinction was no more than an external application of something calculated to prolong the life of the tube. It at no time entered into its original construction, nor was it an integral part thereof.
The Atwater Kent Manufacturing Co. case, 62 C. Cls. 419, is self-explanatory.
We think the petition must be dismissed. It is so ordered.
Moss, Judge; Geaham, Judge; and Campbell, Chief Justice, concur.