Moss, Judge,
delivered the opinion of the court:
This is an action to recover an excise tax amounting to $101,929.56 paid by plaintiff on an article known as “ lifting-jacks,” which plaintiff claims was illegally collected under the provisions of section 900 of the revenue act of 1918, 40 Stat. 1057, 1122, and section 900 of the act of 1921, 42 Stat. 227, 291. In each act it is provided that a tax shall be levied and collected upon the following articles:
“(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum.
“ (2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in *398 connection therewith or with the sale thereof), except tractors, .5 per centum.
“(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum.”
The sole question to be determined is whether or not the lifting jacks described in the record constitute a part or accessory of an automobile. The particular type of lifting jacks upon sale of which the excise tax was levied and collected was designed, manufactured, and sold for use with automobiles. The jacks were advertised in plaintiff’s catalogs as automobile jacks. Only this class of jacks, so designated, has been subjected to the payment of the tax. No tax has been required on certain other types manufactured and sold by plaintiff. In Article 16 of the Treasury Regulations 47, “ accessory ” is defined as follows:
“An ‘ accessory ’ for an automobile truck, automobile wagon, other automobile, or motor cycle is any article designed to be attached to or used in connection with such vehicle to add to its utility or ornamentation and which is primarily adapted for use in connection with such vehicle, whether or not essential to its operation.
“ The term ‘ accessories ’ includes, for example, automobile tops, back and side curtains, horns, speedometers, self-starters, spot lights, shock absorbers, tire pumps, pressure gauges, and hydrometers.
“Articles which have a general commercial use and which are not especially designed and peculiarly adapted for use .in connection with automobile trucks, automobile wagons, other automobiles, or motor cycles, are not subject to tax as ‘ parts ’ or ‘ accessories.’ Thus a wrench or other tool of a kind ordinarily sold in hardware stores for general purposes is not subject to tax when sold separately, but if incorporated in an automobile tool kit, designed, intended, advertised, or held out for use on an automobile as distinguished from garage or shop equipment, is taxable as part of the complete kit.
“A wrench or other tool of special design or construction primarily adapted for use in connection with automobiles is taxable.
“ If any doubt exists as to the special adaptability of any article, the fact of its sale by the manufacturer to be used *399 with an automobile, or to an automobile accessories dealer, would determine ,its taxability.”
Plaintiff’s contention is that under the interpretation of the statute, as expressed in the regulations, its product is exempt from the tax. It is urged, for instance, that inasmuch as lifting jacks can not be used in the ofetation of an automobile, that they do not add to the utility or ornamentation of the automobile, that they are not designed to be attached to or used in connection with automobiles, they should be exempt from the tax. The argument is unconvincing and unsound. The almost universal use for the article involved herein is demonstrated by the fact that lifting jacks constitute a part of the automobile equipment of a vast majority of automobile owners. A large part of plaintiff’s business as a manufacturer is in the production and sale of lifting jacks of this type. During the period from February, 1919, to August, 1923, plaintiff’s sales on this product, manufactured, advertised, and sold for use in connection with automobiles, amounted to $2,037,214.43. In varying forms, questions of this character, involving the construction of section 900, have been before thjs court. In the recent case of Cole Storage Battery Company, No. D-784, decided April 2, 1928, ante, p. 164, this court said in an opinion by Judge Booth: “ We think, therefore, that where a manufacturer of storage batteries seeks the custom of the automobile trade, assures the latter of the especial qualities of his battery, and designs it as part of the automobile into which ,it is to be introduced, Congress intended by the taxing act to reach it as a source of revenue.”
It is the opinion of the court that the tax in this case was properly collected. Plaintiff is not entitled to recover and its petition should be dismissed, and it is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Green, Judge, took no part in the decision of this case.-