Moss, Judge,
delivered the opinion of the court:
During the period involved in this controversy plaintiff was engaged in the manufacture of transmission linings for Ford automobiles, and the sale of same to the automobile jobbing trade. Between the dates June 1, 1922, and February 26, 1926, plaintiff paid taxes in the aggregate sum of $32,768.35, same having been assessed under the provisions of subdivision (3) of section 900 of the revenue act of 1921, and subdivision (3) of section 600 of the revenue act of 1924. On June 7,1926, plaintiff filed a claim for the refund of said taxes, which claim was rejected by the Commissioner of Internal Revenue. This is an action for recovery of said amount.
*306 Section 900 of the revenue act of 1921, 42 Stat. 227, is as follows :
“ That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer a tax equivalent to the following percentages of the price for which so sold or leased — ■
“(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;
“(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;
“ (3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum.”
Articles 14 and 15 of Treasury Regulations No. 47, relating to the administration of the above act, are as follows:
“ART. 14. * * * The words ‘ tires, inner tubes, parts, or accessories, shall be understood to embrace only such tires, inner tubes, parts, or accessories as have reached such a stage of manufacture that they constitute articles commonly or commercially known as ‘ tires, inner tubes, parts, or accessories,’ and shall not be understood to embrace raw materials used in the manufacture of such articles. * * *
“Art. 15. Definition of parts. — A ‘ part ’ for an automobile truck, automobile wagon, other automobile, or motor cycle is any article designed or manufactured for the special purpose of being used as or to replace a component part of any such vehicle, and which by reason of some peculiar characteristic is not such a commercial commodity as would ordinarily be sold for general use and which is primarily adapted only for use as a component part of such vehicle. * * * ”
Section 600 of the act of 1924 is similar in substance to that of 1921, and the regulations relating to same, so far as the question involved here is concerned, are identical.
The question for determination is whether or not plaintiff’s product, as prepared and sold, constituted a part of a Ford automobile within the meaning of the acts above mentioned.
*307 Plaintiff was engaged in the business of making replacement parts for Ford automobiles, principally transmission lining, timers, and, for a portion of the time, shock absorbers. Material for the transmission lining, a woven product, was purchased by plaintiff in rolls from the manufacturer. Plaintiff dealt with three types of lining: (1) The “ White Stripe,” which is a plain woven lining; (2) the “Féltbak,” which is the same type of lining, except that plaintiff placed a felt backing on it, to act as a cushion; and (3) the “ Cork Feltbak,” which is the same as the Feltbak, with the exception that cork discs are placed by plaintiff in the woven portions of the lining. The lining is then cut into strips of two feet each in length, which is the standard length of the Ford transmission band. There being three transmission bands in a Ford automobile, these strips, so prepared, are placed three in a package for sale, together with the requisite number of rivets by which the lining is attached to the band. The attachment of said lining requires no skill whatever and 'consists merely in properly placing the rivets and, in some instances, trimming the edges of the lining to the exact length of the band. It was sold only through the automobile jobbing trade, exclusively for use on Ford automobiles.
It is the contention of plaintiff that the product in question was merely repair material, and as such is not subject to the tax. We are unable to agree with this contention. In a general sense it is a repair material. In this connection it should be noted that a negligible portion, about three per cent of plaintiff’s product, is sold in bulk, and no tax is exacted as to this portion. However simple may have been the preparation to which this article was subjected, it was a process which left nothing further to be done, except to place the rivets and trim the edges where the material joined. It was complete for the use for which it was intended. From a casual reading of the statute, it is plain, we think, that the word “ parts,” • as used in the statute can be given no other than the ordinary meaning of that word as it is customarily used, and, applying that rule, we have reached the conclusion that the particular articles involved in this case, and upon which plaintiff paid taxes for a number of *308 years, fall within the meaning of the term “ parts.” Worth Bros. Company v. Lederer, 251 U. S. 507.
The petition will be dismissed, and it is so adjudged and ordered.
Sinnott, Judge; GREEN, Judge; Geaham, Judge; and Booth, CMéf Justice, concur.