Green, Judge,
delivered the opinion of the court:
The evidence shows that the plaintiff is a manufacturer of clutches for internal-combustion engines, including parts of such clutches. The various types of clutches manufactured by plaintiff were adapted for use on automobiles, trucks,- and tractors, and were used for that purpose. The plaintiff was required to pay an excise tax on certain of the parts of such clutches, and, claiming that they were not subject to tax under the provisions of the law with reference to automobile parts and accessories, now brings this suit to recover the taxes so paid.
The evidence also shows that the plaintiff manufactured various types of clutches which were adapted for use on automobiles, autotrucks, and tractors, and were sold for that purpose. While the clutches manufactured by the plaintiff were all made on the same general plan so far as the clutch mechanism proper is concerned, they differed in size, in strength, and in some instances in special features made for attachment to the machinery with which they were to be connected. The plaintiff, in offering the parts of these clutches for sale, stated in its circular list thereof, that—
“In ordering parts, it is absolutely necessary to state the make and model of car and model of clutch used. Model of clutch is stamped on plate on clutch cover.”
This circular referred to passenger cars, motor trucks, and tractors, in such a way as to indicate that parts would be found described therein which were adapted to the particular machines for which they were ordered.
The evidence shows that in one instance at least, exactly the same clutch was used both, in tractors and in motor cars; but as was said by this court in Atwater Kent Manufacturing Co. v. United States, 62 C. Cls. 419, the question is not whether they were parts of something after they were attached to one or another kind of machine to which *246 they were attached and in which they could function, but whether they were sold as parts for the articles enumerated in subdivisions (1) and (2) of section 900 of the revenue act of 1921, 42 Stat. 227, 291, and we have heretofore held that the fact that a part or accessory can be used in machines other than automobiles does not necessarily make it exempt from the tax. See Cole Storage Battery Co. v. United States, 65 C. Cls. 164, 170.
We think this case can be distinguished from the case of the Milwaukee Motor Products, Inc., v. United States, No. H-40, decided October 22, 1928 [66 C. Cls. 295], and also from the case of Berg Bros. Mfg. Co. v. United States, No. H-436, this day decided [ante, p. 165]. In both of these cases, the timers which were sought to be taxed were sold as a part of a Ford engine and these engines were used as motors for a very large number of different kinds of machines other than automobiles. In fact, the “ timers were not specially designed or primarily adaptable only for use on or in connection with automobiles.” In the case at bar, it would seem from the advertisements of the clutches that unless a particular clutch was described, the purchaser would not be able to get the kind he wanted for his car. Why this was necessary does not definitely appear from the evidence, but we think we are authorized to find that the clutches were specially designed in different forms so that each form was primarily adaptable only to a 'particular machine. Mention is specially made in the advertisement of clutches for Chevrolet cars. Some of the designs listed were for tractors, but the evidence does not show how many, if any, of the parts -of clutches for tractors were sold. It only shows, as above stated, that in one instance the same clutch could be used both in tractors and motor cars, although apparently designed for an automobile. If any parts were sold for clutches to be used on tractors, they would not be subject to the tax.
It is a matter of common knowledge that the number of tractors manufactured is very small indeed compared with the number of automobiles. As these parts were sold by plaintiff pursuant to orders made out in the form above *247 stated, we must conclude that all but a very small portion thereof at least, and possibly all, were sold as parts for automobiles and trucks and consequently were subject to the excise tax. The question is not free from doubt, but we think the burden was on the plaintiff to show how many, if any, of the parts so ordered were for tractors or other machines; in other words, to show to what extent it was not liable for the tax. This it has not done.
In coming to this conclusion, we do not find it necessary to determine whether the commissioner was correct in exempting from the tax certain of the parts of the clutches listed by plaintiff for sale. It would seem that some of these parts were of such a nature that they might be used in other machinery, but whether the commissioner was correct in this ruling or not has no bearing on the determination of the question involved in this case.
It follows that the petition of plaintiff must be dismissed, and it is so ordered.
Sinnott, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.