*22 MEMORANDUM BY TEE COURT
The findings show that the plaintiff manufactured certain articles which were ordinarily used in connection with automobile engines, automobile trucks, or automobiles. Most of these articles were specially designed and advertised for that purpose, but others, in some form, could be used in connection with stationary engines or for other purposes which did not render their sale taxable, and the evidence shows that the plaintiff sold some of these articles to manufacturers who did not make automobiles and dealers who did not supply parts for them. There is nothing, however, in the evidence to show that any of the sales which were taxed were of articles not sold for use in connection with automobiles or automobile trucks.
This court is committed to the doctrine that where an article is designed for use upon automobiles or automobile trucks, and is sold for that purpose, it is subject to the excise tax upon accessories. Walker Manufacturing Co. v. United States, 65 C. Cls. 394 (certiorari denied); Cole Storage Battery Co. v. United States, 65 C. Cls. 164 (certiorari denied); Advance Automobile Accessories Corp. v. United States, 66 C. Cls. 304 (certiorari denied); Edison Storage Battery Co. *23 v. United States, 67 C. Cls. 543; Borg & Beck Co. v. United States, 67 C. Cls. 242.
In the last-named case it is held that if the tax has been assessed on the sale of articles, most or all of which are subject to the tax, the burden is upon the plaintiff to show upon what sales, if any, the tax was unlawfully imposed. Plaintiff having failed to sustain this burden, its petition must be dismissed and it is so ordered.