GREEN, Judge,
delivered the opinion of the court:
The plaintiff, during the period in question, made and sold timing gears used in the functioning of internal-combustion engines. These gears were made both of metallic and nonmetallic materials. The special purpose and design of the nonmetallic gears was to reduce the noise made by the-operation of the engine, and they were advertised as “ silent timing gears ” and could be used interchangeably upon many varieties of combustion engines not used for automobiles or trucks, but there is no evidence that any of the so-called “ silent timing gears ” were so used.
The gears that were taxed were sold through jobbers-for replacement purposes and were designed by the plaintiff' *26 and advertised for sale as replacements on timing gears on various models of automobiles and trucks. Tbe plaintiff paid no taxes on any gears except those of the automotive type.
It will be observed that the timing gears, upon the sale of which a tax was levied, not only were sold for use and used upon automobiles and trucks, but were especially designed and adapted for such use on account of lessening the noise of the operation of the engine. The theory of the plaintiff seems to be that because the timing gears in question could be used interchangeably on gas engines which were not used in automobiles or trucks, the sales thereof were not taxable. We have pointed out in a number of cases that this does not follow. For example, the engine used in certain models of the Ford automobile can be and is used for furnishing power for other machinery, but being primarily designed and especially adapted for use on the Ford car, we think no one would claim that when a new engine was furnished for that car that it was not taxable under the statute under consideration.
The question of whether the tax is applicable must in each case depend on the particular facts in that case, but the general principle is the same. This case is controlled by the rules laid down in Imperial Brass Manufacturing Co. v. United States, No. H-439, decided by this court October 21, 1929 [ante, p. 20]; Walker Manufacturing Co. v. United States, 65 C. Cls. 394 (certiorari denied); Cole Storage Battery Co. v. United States, 65 C. Cls. 164 (certiorari denied) ; Advance Automobile Accessories Corp. v. United States, 66 C. Cls. 304 (certiorari denied); Edison Storage Battery Co. v. United States, 67 C. Cls. 543; and Borg & Beck Co. v. United States, 67 C. Cls. 242.
Following the principles laid down in these decisions the petition of the plaintiff must be dismissed, and it is so ordered.
Graham, Judge, and Booth, Chief Justice, concur.