## MARVEL PRODUCTS CO. v. UNITED STATES.

Court of Claims. December 2, 1929.

No. 123.

Alex. Koplin, of Washington, D. C., for claimant.

WILLIAMS, Judge. This is an action to recover excise taxes amounting to $4,814.23, paid by plaintiff between the dates of January 1, 1923, and February 26, 1926.

The taxes were levied and collected on the sale by plaintiff of certain articles and devices as follows:

| | |
|---|---|
| (a) Clutch-collar oilers | $1,751 11 |
| (b) Tappet silencers | 630 06 |
| (c) Shims | 2,073 31 |
| (d) Gear-shift silencers | 149 97 |
| (e) Steering column silencers | 765 20 |
| (f) Brake intensifiers | 100 25 |

The taxes in question, which plaintiff claims were illegally collected, were levied and collected under the authority and provisions of section 900 of the Revenue Act of 1921, and section 600 of the Revenue Act of 1924.

Section 900 of the Revenue Act of 1921 (42 Stat. 227), provided:

"That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;

"(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of

any of the articles enumerated in subdivision (1) or (2), 5 per centum."

Section 600 of the Revenue Act of 1924, 43 Stat. 253, 322 (26 USCA § 881), provided as follows:

"On and after the expiration of thirty days after the enactment of this Act there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentage of the price for which so sold or leased—

"(1) Automobile truck chassis and automobile wagon chassis sold or leased for an amount in excess of $1,000, and automobile truck bodies and automobile wagon bodies sold or leased for an amount in excess of $200 (including in both cases tires, inner tubes, parts, and accessories therefor sold on or in connection therewith or with the sale thereof), 3 per centum. A sale or lease of an automobile truck or of an automobile wagon shall, for the purposes of this subdivision, be considered to be a sale of the chassis and of the body;

"(2) Other automobile chassis and bodies and motor cycles (including tires, inner tubes, parts, and accessories therefor sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum. A sale or lease of an automobile shall, for the purposes of this subdivision, be considered to be a sale of the chassis and of the body;

"(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 2½ per centum. This subdivision shall not apply to chassis or bodies for automobile trucks, automobile wagons, or other automobiles."

The sole issue involved in this case is whether or not the various articles or devices, known in the record as clutch-collar oilers, tappet silencers, shim wedges, gear-shift silencers, steering-column silencers, and brake intensifiers, constitute accessories or parts for and of automobiles and trucks within the meaning of section 900 of the Revenue Act of 1921, and section 600 of the Revenue Act of 1924.

The evidence seems to be conclusive that the articles upon the sale of which the excise tax was levied and collected were designed, manufactured, and sold by the plaintiff for use with automobiles.

Defendant introduced in evidence its Defendant's Exhibit 1, which is an eight-page illustrated folder, issued and published by the plaintiff, in which the practical utility of each of these devices in the operation of automobiles is strikingly set forth. On the front page of this folder, in prominent and attractive type, appear the words, "Added refinements and conveniences for the pleasure car."

The words, "Marvel specialties for Chevrolet," appear in large red type across the top of one side of this folder, while the words, "Marvel accessories for all cars," in the same type, runs across the top of the other side.

In Defendant's Exhibit No. 1 the plaintiff describes the various devices or articles upon the sale of which the tax in question was levied and collected, and explains their utility in the operation of automobiles as follows:

" 'Marvel clutch-collar oiler.' For all models; 490 and Superior Chevrolet. Quickly installed. It is a simple matter to get oil to the clutch collar with the marvel clutch-collar oiler. Just raise the hood and the oil cup is in a handy and convenient position."

" 'Marvel steering-column silencer.' This device not only quiets the steering column, but keeps it silent. It is designed for the 1923–24 Superior Chevrolet. (Also Oldsmobile Six)."

" 'Marvel tappet silencer.' For all 490 models to 1922. These patented silencers instantly stop all clicking, 'sleigh bell' noises of valve tappets, push rods, and tappet locks. Can be installed in two minutes. No tools required. Motor sounds like new."

" 'Marvel front-axle shims.' For all models Chevrolet to 25. Shimmy or wabble of front wheels is usually caused by front springs settling. Installing a pair of these shims puts the axle back in the same position it was in when the car was new."

" 'Marvel gear-shift lever silencer.' Fit all models Chevrolet 490 except, 'Superior.' Absolutely eliminates noise and vibration of gear-shift lever."

" 'Marvel brake intensifier.' All models to 1924. One-third less pounds pressure to apply Chevrolet brakes equipped with this intensifier. Better than collision insurance."

In Treasury Regulations 47, article 15, the word "part" is defined as:

"A part for an automobile truck, automobile wagon, other automobile or motor cycle is any article designed or manufactured for the special purpose of being used as or to replace a component part of any such vehicle, and which by reason of some peculiar characteristic is not such a commercial commodity as would ordinarily be sold for general use and which is primarily adapted only for use as component part of such vehicle."

982

Article 16 of the same regulations defines an "accessory" as:

"An accessory for an automobile truck, automobile wagon, other automobile, or motor cycle is any article designed to be attached to or used in connection with such vehicle to add to its utility or ornamentation, and which is primarily adapted for use in connection with such vehicle, whether or not essential to its operation."

The advertising matter used by plaintiff fixes the classification of all those articles as "accessories" within the meaning of the law under which the tax was collected.

Not only does the evidence show the articles in question were advertised and sold for use on automobiles, but that they were advertised and sold as being particularly adapted for use on all models of the Chevrolet and certain models of the Oldsmobile.

Plaintiff did not show that these various articles were sold for any purpose other than use on automobiles, or that any of them were ever advertised or represented by plaintiff as being intended for use in any other manner than on automobiles.

In the recent case of the Cole Storage Battery Company v. United States, 65 Ct. Cl. 164, this court said in an opinion by Chief Justice Booth:

"We think, therefore, that where a manufacturer of storage batteries seeks the custom of the automobile trade, assures the latter of the special qualities of his battery and designs it as a part of the automobile into which it is to be introduced, Congress intended by the taxing act to reach it as a source of revenue."

In the case of the Walker Manufacturing Company v. United States, 65 Ct. Cl. 394, this court held that "lifting jacks" for automobiles were subject to the excise tax when sold for use with automobiles. Judge Moss, in delivering the opinion of the court said:

"The sole question to be determined is whether or not the lifting jacks described in the record constitute a part or accessory of an automobile. The particular type of lifting jacks upon sale of which the excise tax was levied and collected was designed, manufactured, and sold for use with automobiles. The jacks were advertised in plaintiff's catalogs as automobile jacks."

It is the opinion of the court that the tax in this case was properly collected. Plaintiff is not entitled to recover, and its petition should be dismissed, and it is so ordered.

BOOTH, Chief Justice, and LITTLETON, GREEN, and GRAHAM, Judges, concur.