## BASSICK MFG. CO. v. UNITED STATES.
### No. J–179.

Court of Claims.
Oct. 20, 1930.

George M. Wilmeth, of Washington, D. C., for plaintiff.

R. C. Williamson, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Arthur J. Iles, of Indianapolis, Ind., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The issue in this case is whether lubricating outfits described in finding 3, consisting of a grease gun and nineteen nipples, assembled in packages, and advertised and sold "For use on Ford passenger cars, trucks, and tractors," are subject to the excise tax provided in section 600, of the Revenue Act of 1924 (43 Stat. 253, 322 [26 USCA § 881 note, and § 882]) as parts or accessories for automobiles.

Plaintiff contends that since grease guns, grease-gun connections, and nipples are adaptable for use on other than automobiles, and when sold separately are not subject to tax, the grouping together of a grease gun and a sufficient number of nipples to replace the grease cups on the chassis of Ford automobiles, and the advertisement and sale of the articles so grouped, for use on Ford automobiles, does not make such sales taxable within the meaning of the statute.

This contention has been decided adversely to the plaintiff in Fairmount Tool & Forging Company v. United States, 42 F.(2d) 591, 594 (decided by this court June 16, 1930). The court said:

"Tools of general utility, i. e., capable of use for a variety of purposes, may not escape classification as an automobile accessory upon this single fact. This, we think, is apparent. Ordinary monkey wrenches, pliers, hammers, etc., may serve a variety of useful purposes; but when set aside and singled out for an especial purpose, the very necessity of so doing emphasizes the correctness of classifying them as accessories to the purpose. The plaintiff, in order to appeal to a special demand, an essential demand, segregates from his large stock of merchandise the particular units which serve the customers' especial necessities, and gives to the public the merits of his offering by assuring him in public advertisements that the 'kits' meet all the especial emergencies that may be remedied by the use of the tools purchased. It is only when this is done that the Commissioner taxes the articles. The fact that tools of this

design, functioning as these tools do, were manufactured prior to the advent of the automobile, and are not now, nor never were, especially designed for use on an automobile, is not in and of itself determinative. See Cole Storage Battery Co. v. United States, 65 Ct. Cl. 164; Walker Mfg. Co. v. United States, 65 Ct. Cl. 394; Advance Automobile Accessories Corporation v. United States, 66 Ct. Cl. 304."

The plaintiff in the instant case selected from the large variety of grease guns manufactured by it a gun adaptable in size for satisfactory use in the lubrication of Ford automobiles, put it into a package with nineteen nipples of suitable design for replacement of the grease cups on a Ford chassis, advertised, and offered such package for sale to Ford owners for use on their cars.

Under the rule announced in the cases cited, the articles, grouped into packages and sold by the plaintiff in the manner stated, are primarily adapted for use on automobiles, and the Commissioner of Internal Revenue properly assessed and collected taxes on such sales. See Universal Battery Company v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051, decided by the Supreme Court May 26, 1930.

The plaintiff's petition must be dismissed. It is so ordered.