Campbell, Ohief Justice,
delivered the opinion of the court:
Recovery is sought of certain taxes which plaintiff was required to pay under section 900 (3) of the "revenue acts of 1918 and 1921 on the sale of “timers and coils” manufactured by it. The Commissioner of Internal Revenue refused to refund the amount collected. The case was referred to a commissioner of this court for a finding and report to the court of the facts. Both parties have requested that the court adopt the findings of the commissioner as the facts of the case, and the court has done this. They also agree that only one question is presented for decision, that one being as stated on the Government’s brief “ whether the timers and coils, on the sale of which plaintiff paid excise taxes, constituted parts within the meaning of said section 900 of the revenue acts of 1918 and 1921.”
The language, so far as this case is concerned, of the two acts is the same and is as follows:
“ There shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, *424 producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—
#$$$$$$
“(3) Tires, inner tubes, parts or accessories for any of the articles enumerated in subdivision (1) or (2) sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2) five per centum.”
The articles enumerated in subdivision (1) are automobile trucks and automobile wagons, including tires, inner tubes, parts and accessories, therefor, and in subdivision (2) are “ other automobiles and motor cycles ” except tractors.
The timers and coils involved here are, according to the findings, “used on and are essential to the functioning of all internal-combustion engines that require the ignition of compressed gas;” “they were manufactured in accordance with patented principles,” and “ an expert could not tell for what sort of engine a particular coil was to be used.” Any of the timers and coils could, by a simple adjustment of the attachment plate, be used on engines other than automobile engines. Any particular timers might be attached to and used in automobiles or motor boats, airplanes, threshing machines, water pumps, or hoisting machines. The “ coil ” was in use before automobiles were invented. It is used in association with the timer, in the ignition system of a gas engine. It is apparent that the timers and coils “are not specially designed nor primarily adaptable only for use on or in connection with automobiles, but that they are interchangeable and extensively used in many other industries,” to adopt the language of the Bureau of Internal Revenue relative to “ sparks plugs.” See S. T. 426, December, 1923, C. B. p. 308. If the principle thus applied to “ sparks plugs,” which were held not to be “ parts,” be applied to timers and coils the plaintiff is entitled to a judgment.
The defendant argues that the timers and coils “ were parts when sold to make up the dealer’s stock of parts; in fact, they were parts from the time they were manufactured to supply the well-known and ever-increasing demand for such parts.” But the question is not whether they were tlparts” of something after they were attached to the one ' or another kind of machine to which they were attached *425 and in which they could function, but whether they were sold as parts of the articles mentioned in subdivisions (1) and (2) of section 900. We agree with plaintiff’s contention that upon the facts found and undisputed these timers and coils were, when sold, “ well-recognized commercial articles, parts of the ignition system of a gas engine, but no more parts of automobiles than they were parts of marine engines or the other kinds of engines ” mentioned. The context shows that the word “parts” referred to in the acts was intended to have and should be given a restrictive meaning.
In Magone v. Wiederer, 159 U. S. 555, where the importer, claiming that certain pieces of glass cut in a particular way wTere “ parts ” of clocks, brought suit against the collector to recover alleged overpayments exacted as duties. One of the court’s charges to the jury, to which exception was taken, contained this language: “ And if you find as to those articles, or any of them, that they have several uses to which they are perfectly applicable, then as to those articles your verdict should be for the defendant,” and the Supreme Court sustained the court’s charge. The principle is applicable here when we come to define the meaning of the word parts in the acts in question. Where the articles, as those we are concerned with, are applicable for use in different kinds of machines or appliances and are just as applicable to the one use as to the other they are not distinctively parts of automobiles so as to be taxable under these statutes.
Judgment should be awarded in favor of plaintiff. And it is so ordered.
Geaham, Judge; Hat, Judge; and Booth, Judge, concur.