SiNNOtt, Judge,
delivered the opinion of the court:
The plaintiff in this case is suing for the refund of excise taxes collected from the plaintiff by the United States, under the revenue acts of 1918, 1921, and 1924, with respect to spark coils and timers manufactured and sold by plaintiff.
The case was referred to a commissioner of this court for a finding and report to the court of the facts. The said commissioner filed his report on March 6, 1928. Neither the plaintiff nor the defendant has filed exceptions to the commissioner’s report.
It is admitted in defendant’s brief that the essential facts and issues of law, with respect to this case, are similar to those'presented by the case of Atwater Kent Manufacturing Co. v. United States, 62 C. Cls. 419, wherein judgment was rendered for the plaintiff, but it is contended by defendant that plaintiff has not brought its claim within the jurisdiction of this court because plaintiff has failed to file the bond provided for in the following provision in the appropriation act of February 28, 1927, 44 Stat. 1254:
“ For refunding taxes illegally collected under the provisions of sections 3220 and 3689, Revised Statutes, as amended by the revenue acts of 1918, 1921, 1924, and 1926, including the payment of claims for the fiscal year 1928 and prior years, $175,000,000, to remain available until June 30, 1928. * * *
“Provided fwtker, That no part of this appropriation shall be available to refund any amount paid by or collected from any manufacturer, producer, or importer in respect of the tax imposed by subdivision (3) of section 600 of the revenue act of 1924 or subdivision (3) of section 900 of the revenue act of 1921 or of the revenue act of 1918, unless the Commissioner of Internal Revenue certifies to the proper disbursing officer that such manufacturer, producer, or im *288 porter has filed with the commissioner, under regulations prescribed by the commissioner with the approval of the Secretary of the Treasury, a bond in such sum and with such sureties as the commissioner deems necessary, conditioned upon the immediate repayment to the United States of such portion of the amount refunded as is not distributed by such manufacturer, producer, or importer within six months after the date of the payment of the refund, to the persons who purchased for purposes of consumption (whether from such manufacturer, producer, importer, or from any other person) the articles in respect of which the refund is made, as evidenced by the affidavits (in such form and containing such statements as the commissioner may prescribe) of such purchasers, and that such bond, in the case of a claim allowed after the passage of this act, was filed before the allowance of the claim by the commissioner.”
It is plain that the above provision relates solely to the appropriation provided for in said act, which was made available until June 30, 1928, after which time the appropriation lapsed. Judgment should be awarded in favor of plaintiff. It is so ordered.
GkeeN, Judge; Moss, Judge; Geaham, Judge; and Booth, Chief Justice, concur.