SiNNOtt, Judge,
delivered the opinion of the court:
This is a suit for the recovery of certain taxes on timers manufactured by plaintiff which it was required to pay to the United States under section 900 (3) of the revenue acts of 1918 and 1921 and 600 (3) of the revenue act of 1924. The wording of the revenue acts of 1918 and 1921, in so far as this issue is concerned, is identical as follows:
“ * * * There shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased:
“(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum.
“(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum.
“(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum.”
The provision of the revenue act of 1924 is also in almost identical language as follows:
“ * * * There shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the *301 following percentage of the price for which so sold or leased:
“(1) Automobile truck chassis and automobile wagon chassis sold or leased for an amount in excess of $1,000, and automobile truck bodies and automobile wagon bodies sold or leased for an amount in excess of $200 (including in both cases tires, inner tubes, parts, and accessories therefor sold on or in connection therewith or with the sale thereof), 3 per centum. A sale or lease of an automobile truck or of an automobile wagon shall, for the purpose of this subdivision, be considered to be a sale of the chassis and of the body.
“(2) Other automobile chassis and bodies and motor cycles (including tires, inner tubes, parts and accessories therefor sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum. A sale or lease of an automobile shall, for the purpose of this subdivision, be considered to be a sale of the chassis and of the body.
“(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer, or producer of any of the articles enumerated in subdivision (1) or (2), 2y2 per centum. This subdivision shall not apply to chassis or bodies for automobile trucks, automobile wagons, or other automobiles.”
The Commissioner of Internal Revenue refused to refund the amount collected. The case was referred to the commissioner of this court for a finding and report to the court of the facts.
No exceptions thereto were filed by either party. The court, after an examination of the evidence, has adopted the findings of the commissioner.
It appears to us that the issues in this case are practically identical with the issues involving timers in the case decided by this court in Atwater Kent Manufacturing Co. v. United States, 62 C. Cls. 419, and the decision in that case should be followed herein.
It was said in the Atwater Kent case, supra:
“ The timers and coils involved here are, according to- the findings, ‘ used on and are essential to the functioning of all internal-combustion engines that require the ignition of compressed gas ’; ‘ they were manufactured in accordance with patented principles,’ and £ an expert could not tell for what sort of engine a particular coil was to be used.’ *302 Any of the timers and coils could, by a simple adjustment of the attachment plate, be used on engines other than automobile engines. Any particular timers might be attached to and used in automobiles or motor, boats, airplanes, threshing machines, water pumps, or hoisting machines. The 4 coil ’ was in use before automobiles were invented. It is used in association with the timer in the ignition system of a gas engine. It is apparent that the timers and coils ‘ are not specially designed nor primarily adaptable only for use on or in connection with automobiles, but that they are interchangeable and extensively used in many other industries,’ to adopt the language of the Bureau of Internal Revenue relative to ‘ spark plugs.’ See S. T. 426, December, 1923, C. B. p. 308. If the principle thus applied to 4 spark plugs,’ which were held not to be 4 parts,’ be applied to timers and coils the plaintiff is entitled to a judgment.
44 The defendant argues that the timers and coils 4 were parts when sold to make up the dealer’s stock of parts; in fact, they were parts from the time they were manufactured to supply the well-known and ever-increasing demand for such parts.’ But the question is not whether they were 4 parts ’ of something after they were attached to the one or another kind of machine to which they were attached and in which they could function, but whether they were sold as parts of the articles mentioned in subdivisions (1) and (2) of section 900. We agree with plaintiff’s contention that upon the facts found and undisputed these timers and coils were, when sold, 4 well-recognized commercial articles, parts of the ignition system of a gas engine, but no more parts of automobiles than they were parts of marine engines or the other kinds of engines ’ mentioned. The context shows that the word 4 parts ’ referred to in the acts was intended to have and should be given a restricted meaning.”
The findings in the present case show that the timers involved had the same functions, and as wide and varied use, as the timers in the Atwater Kent case.
The timers manufactured by the plaintiff were extensively used on engines other than automobile engines. The Milwaukee timer was attachable to all model T Ford engines. These engines were used on Ford cars, Ford trucks, and Fordson tractors, and fit interchangeably on model T Ford engines and Fordson tractor engines.
The model T Ford engine was used, during all the times when the excise tax herein involved were paid, on light *303 tractors, stationary power plants, farm cultivators, ice-harvesting equipment, bean-cleaning equipment, farm power plants, concrete mixers, fire-fighting apparatus, air compressors, locomotive equipment, hoists, shop mules, marine engines, street flushers, pumping, light grinding and saw equipment, etc. To such equipment the Milwaukee timer could be easily attached, and was frequently used on gasoline engines operating the above-enumerated equipment.
The Fordson engines were extensively used as the power units for stationary power plants, road graders, snow plows, road rollers, hoists, boats, saws, sprinklers, street sweepers, and locomotive equipment.
In addition to the uses above enumerated, the timers manufactured by plaintiff, during the times when the excise taxes were paid, were extensively used on engines other than automobile engines, namely, on marine engines of special manufacture and also on tractors, cement mixers, and hoists.
The wide variety of uses of the timers involved herein, as indicated above,, brings them clearly within the decision •of the Atwater Kent case, supra. This is not denied by the Commissioner of Internal Kevenue, as appears from his letter, set forth in Findings of Fact XI, wherein he states:
“ Careful comparison of the evidence submitted in this ■case with the special findings of facts in the Atwater Kent ■case fails to disclose any substantial difference in the devices .as far as variety of users are concerned.”
We believe that this case should be determined by the doctrine announced in the Atwater Kent case, supra:
“Where the articles, as those we are concerned with, are .applicable for use in different kinds of machines or appliances and are just as applicable to the one use as to the other they are not distinctively parts of automobiles so as to he taxable under these statutes.”
The Milwaukee timers are clearly within this rule. Judgment should be awarded in favor of plaintiff. It is so ordered.
GREEN, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.