## WHITE BRASS CASTINGS CO. v. UNITED STATES.

### No. J–67.

Court of Claims.

June 16, 1930.

This is a suit to recover $4,144.69 manufacturer's excise tax paid on timers for automobiles, alleged to be illegally assessed by the Commissioner of Internal Revenue.

The case was heard on a stipulation of facts, upon which the court makes the following special findings of fact:

(1) The White Brass Castings Company, during the times hereinafter mentioned, was, and now is, a corporation organized, existing, and operating under and by virtue of the laws of the state of Illinois, with its principal place of business located at Chicago, Ill.

(2) During the times hereinafter mentioned plaintiff was engaged in the business of manufacturing and selling timers.

(3) The timer for internal combustion engines, upon which plaintiff paid taxes to defendant during the period from September, 1922, to February, 1926, is a device for closing the circuit through each cylinder as the cylinder is due to fire, and is a part of the engine, which engines are used for driving automobiles, motorboats, flying machines, tractors, concrete mixers, and water pumps. The timer device, the subject of this suit, was for a four-cylinder engine, and could be used on any of the engines for the purposes aforementioned. It could be interchanged on an engine used in a tractor and that used in an automobile.

(4) Plaintiff and all the officers thereof have at all times borne true allegiance to the United States of America, and have not, nor have any of them, in any way voluntarily aided, abetted, or given encouragement to rebellion against the United States, and plaintiff is a citizen of the United States, the sole owner of the claim hereinafter stated, no part of which has ever been assigned or sold.

(5) Plaintiff made and filed its manufacturer's excise tax returns thereon monthly for the period September, 1922, to February, 1926, inclusive, showing the amount of tax due thereon which was duly assessed on such returns by the Commissioner of Internal Revenue, paid by plaintiff, for the months, in the amounts, and on the dates hereinafter set forth, as follows:

| Period | When paid | Tax paid on timers |
|---|---|---|
| Sept., 1922 ..... | Oct. 28, 1922 | $67.92 |
| Oct. ........... | Nov. 28 | 29.69 |
| Nov. ........... | Dec. 30 | 51.56 |
| Dec. ........... | Jan. 31, 1923 | 114.87 |
| Jan., 1923 ..... | Feb. 28 | 84.76 |
| Feb. ........... | Mar. 29 | 184.56 |
| Mar. ........... | Apr. 28 | 117.12 |
| Apr. ........... | May 29 | 163.86 |
| May ........... | June 29 | 286.09 |
| June ........... | Aug. 1 | 113.14 |
| July ........... | Aug. 30 | 38.69 |
| Aug. ........... | Sept. 29 | 2.83 |
| Sept. ........... | Oct. 25 | 97.83 |
| Oct. ........... | Nov. 30 | 129.63 |
| Nov. ........... | Dec. 28 | 137.15 |
| Dec. ........... | Jan. 31, 1924 | 71.71 |
| Jan., 1924 ..... | Feb. 29 | 35.54 |
| Feb. ........... | Mar. 27 | 65.39 |
| Mar. ........... | Apr. 30 | 151.90 |
| Apr. ........... | May 29 | 235.19 |
| May ........... | June 30 | 224.24 |
| June ........... | July 31 | 109.05 |
| July, 1924 ..... | Aug. 29, 1924 | $81.06 |
| Aug. ........... | Sept. 27 | 99.05 |
| Sept. ........... | Oct. 30 | 82.52 |
| Oct. ........... | Nov. 28 | 123.91 |
| Nov. ........... | Dec. 30 | 81.81 |
| Dec. ........... | Jan. 30, 1925 | 34.10 |
| Jan., 1925 ..... | Feb. 27 | 84.02 |
| Feb. ........... | Mar. 26 | 44.58 |
| Mar. ........... | Apr. 24 | 165.20 |
| Apr. ........... | May 27 | 100.03 |
| May ........... | June 29 | 130.43 |
| June ........... | July 30 | 39.67 |
| July ........... | Aug. 27 | 44.37 |
| Aug. ........... | Sept. 29 | 95.10 |
| Sept. ........... | Oct. 29 | 74.22 |
| Oct. ........... | Nov. 28 | 105.24 |
| Nov. ........... | Dec. 31 | 55.53 |
| Dec. ........... | Jan. 29, 1926 | 60.29 |
| Jan., 1926 ..... | Feb. 27 | 63.83 |
| Feb. ........... | Mar. 31 | 67.01 |
| | | 4,144.69 |

The articles taxed in this case by the Commissioner were not primarily adapted for use

on automobiles, but were suitable for use generally for other purposes.

(6) On September 7, 1926, plaintiff filed its claim for refund, No. 355335 of manufacturer's excise tax so paid on timers for the period September, 1922, to February, 1926, inclusive, in the amount of $4,144.69, which was duly rejected by the Commissioner of Internal Revenue on April 5, 1927.

Alex Koplin, of Washington, D. C., for plaintiff.

R. C. Williamson, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GRAHAM and GREEN, Judges.

PER CURIAM.

It is therefore adjudged and ordered that the plaintiff recover of and from the United States $4,144.69, with interest at the rate of 6 per cent. per annum from the several dates of payment to such date as the Commissioner of Internal Revenue may determine in accordance with the provisions of subsection (b), § .177, of the Judicial Code (28 USCA § 284(b), being a part of the Revenue Act of 1928 (section 615(a).

See Berg Bros. Mfg. Co. Case, 67 Ct. Cl. 165, and Universal Battery Co. v. United States, 50 S. Ct. 422, 74 L. Ed. 1051, decided by the Supreme Court May 26, 1930.