GREEN, Judge,
delivered the opinion:
This action is commenced to recover taxes levied on sales •of hand-operated air pumps as automobile accessories. The statutes under which taxes were levied upon automobile accessories have been so often set out in the opinions of this court that we do not think it necessary to repeat them. *761 Plaintiff claims that the taxes were illegally assessed, and the question to be determined in the case is one of fact; that is, it depends on whether the nature of the articles was such as to subject them to taxes as automobile accessories.
As before stated, the taxes were levied upon sales of hand-operated air pumps. It is a matter of common knowledge that such air pumps were made and used before automobiles came into existence, not only for pumping up bicycle tires but for other purposes,.and that as the number of apparatus grew upon which they could be used and automobiles came to- be common these pumps were much increased in size and in power. The pumps which the plaintiff made were adapted for use on so many different binds of apparatus, some of which are enumerated in the findings, that even the approximate number is not known. The connections supplied with the pumps appear to have been standardized so that without any change they were fitted to supply compressed air for all, or practically all, of the different kinds of purposes for which they were used. While adapted for pumping up automobile tires, they were equally adapted for a great many other purposes and were so used. It is quite evident that they were not originally designed for pumping up automobile tires, and it can not be said that they are primarily adapted for that purpose when they are equally adapted to so many other purposes. ' It is true that as the number of automobiles enormously increased, over sixty per cent of plaintiff’s sales of these pumps were made to dealers in automobile accessories and probably were sold mostly for use on automobiles. But we do not think this was material. If this fact were controlling and the tax were still a part of our revenue law, it would follow that if the taxpayer could show, as we have no doubt he could for recent years, that-the air for automobile tires was now furnished by the filling stations from pressure tanks and air pumps were no longer sold or used for filling automobile tires with air, then and in such case the tax would not apply. But we do not think the application of the tax is to be wholly controlled by such a matter. In the case of At *762 water Kent Mfg. Co. v. United States, 62 C. Cls. 419, this court held that—
“ Where the articles, as those we are concerned with, are applicable for use in different kinds of machines or appliances and are just as applicable to the one use as to the other they are not distinctively parts of automobiles so as to be taxable under these statutes.”
In a number of other cases we have announced the same rule. The case of W. M. Dutton & Sons Co. v. United States, decided April 6, 1931, 48 Fed. (2d) 454, was a case in which the tax on sales of air pumps was involved and similar to the case now under consideration in all of its essential features. In that case the court said:
“ Under the uniform decisions of this court, and the decision of the Supreme Court in Universal Battery Co. case, supra [281 U. S. 580] the articles in question being equally adapted to a variety of uses, and commonly put to such uses, one of which is use in motor vehicles, can not be considered as primarily adapted for use in motor vehicles.”
It should be noted in this connection that the case differs from some others decided by this court in which it was found that the article involved was specially designed for use upon automobiles or in connection therewith. There was no such evidence in the case at bar. The pumps involved could be used without any change whatever for numerous other purposes.
We do not need to consider whether the rule above stated applied to the 25 pumps which were sold directly to automobile and truck manufacturers to go with machines to be exported, as these sales would be exempt.
It follows that plaintiff is entitled to recover all of the taxes paid on the sales of its pumps except where barred by the statute of limitations, with interest thereon according to law. The amount of such taxes is shown in the findings. Judgment will be rendered accordingly.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.
*763 SUPPLEMENTAL OPINION ON MOTION FOR NEW TRIAL
GREEN, Judge,
delivered the opinion of the court:
The opening sentence of the brief of defendant in support of its motion for new trial is not clear. We assume that there has been a misprint in some part of it, and that counsel who prepared the brief intended thereby to express his opinion that the court had not given full effect to the rule that the burden of proof was upon the plaintiff to show that the articles taxed as automobile accessories were not such in fact. As so construed the statement is proper in argument, but a reading of the matters cited to support the statement shows clearly that it has no foundation. It is further stated that the court found that the air pumps in question had been used on many different kinds of apparatus other than automobiles and that there was no proof in the record to justify such a finding. Neither of these statements is correct. The court made no such finding, although the evidence would have justified it. What the court found in substance was that air pumps similar in style and design were manufactured and used before automobiles were constructed, and that the air pumps in question were equally adaptable for use with many different kinds of apparatus other than automobiles. The evidence would have justified the court in going much further. A manager of a concern which dealt only in bicycles and accessories thereto testified that he had used and sold these pumps to dealers in bicycles and bicycle riders ever since the Anthony Company had started, although they were not made to be carried with a bicycle. Other dealers testified with reference to the use of the pumps for inflating bicycle tires, pneumatic cushions, kerosene stoves, spraying devices, etc. The evidence was overwhelming and uncontradicted that the pumps in question were equally adapted for all these u'ses and needed no change or additional part to be so used. The plaintiff advertised this pump, claiming a superiority in various respects, especially in efficiency and stating that it was “the best pump in America,” and “America’s best tire pump,” not *764 distinguishing. between bicycle tires and automobile tires. The pictures of the pump which were part of the evidence showed that the pump was constructed on the same principle as air pumps used before the advent of automobiles, and there was also testimony to that effect. The proof was ample that pumps of the kind that plaintiff manufactured were not primarily designed for use upon automobiles.
Coming now to the question of the burden of proof and the rules with reference to it, it may be said that this matter has heretofore appeared so clear to the court that it is possible that it has not been fully stated in any of the previous opinions, although an examination of the opinions and the facts on which they were based will show that all are in complete accord. The correct rule is a very simple one. It is that the burden of proof in the class of cases such as we are now considering is upon the plaintiff to establish by a preponderance of the evidence that the article in question is not primarily designed for, or specially adapted to, use upon automobiles. Where the article in question was made before the advent of automobiles, and the article taxed is similar in design and principle without any substantial change, this may be said to show that the article was not primarily designed for use upon automobiles, but this alone is not sufficient if it further appears that the article is in fact used upon or in connection with automobiles; for although not primarily designed for that purpose, it may have been in some way specially adapted to be so used. As to what further evidence would be necessary, the Supreme Court has said in Universal Battery Co. v. United States, 281 U. S. 580, 583-4:
“ Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles.”
As it seems to be contended by defendant that some additional evidence would be requisite on plaintiff’s part to show that the article in question was not specially adapted for use upon automobiles, the meaning of the words “ equally adapted ” should be considered. If the article was “ equally *765 adapted ” for a variety of uses, obviously it could not. be “ specially adaptedfor use upon automobiles. Therefore a finding that the article was “ equally adapted ” for other uses, and is commonly so used, is equivalent to a finding that it was not “ specially adapted ” for use on automobiles.
On the other .hand, where it is found that the article in question was so advertised or sold as to amount to a claim on the part of the manufacturers that it was specially adapted for automobiles in general, or for some particular ipake of automobile, and there is no evidence to the contrary, it has been held subject to the tax.
It is especially urged- on behalf of the defendant that the question of whether or not an article is an automobile accessory depends on the relative quantity thereof used in connection with automobiles and used for other purposes, or, as stated in the brief of defendant, the matter of the “ primary adaptability of the air pumps is to be determined with reference to the percentage of the sum total of air pressure made use of for various commercial purposes.” Bjit this is not the rule. Evidence as to the proportionate number used is relevant but not at all controlling — in fact, it is of comparatively little weight. If the rule were otherwise, then the mere fact that somewhere from ten to fifty times as many spark plugs are used in automobiles as for all other purposes combined, would be sufficient by itself to show that they were to be regarded as an automobile accessory. Counsel cite a number of decisions of this' court as sustaining the contention of the defendant. It would unduly extend this opinion to comment upon all of them, but special reliance seems to be made upon two cases, the Fairmount Tool Co. v. United States, 70 C. Cls. 425, and the Autoquip Mfg. Co. v. United States, 68 C. Cls. 362. In the Fairmoimt Tool Go. ease, the articles to which the tax was applied were certain “ kits ” of tools which had been put up in such form as to make these “ kits ” specially adapted for use in connection with automobiles and they were so advertised by the manufacturer. When so sold they were held taxable, although it is manifest that if the tools contained in these “ kits ” had been sold separately they would not have been taxable, for, con *766 sidered singly, they were equally adapted to many other uses. In other words, it was the “ kit ” which was taxed as an automobile accessory. In the Autoquip Mfg. Co. case, the evidence showed that the pumps in question were specially adapted for use by automobile operators and were so constructed as to be carried in an automobile as a part of the tool equipment. It is apparent that these cases were decided in accordance with the rules above stated.
The motion for new trial must be overruled and it is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.