## GENERAL LEAD BATTERIES CO. v. UNITED STATES.
### No. H-59.

Court of Claims.
July 5, 1932.

182

George Maurice Morris, of Washington, D. C., for plaintiff.

Chas. B. Rugg, Asst. Atty. Gen. (H. Brian Holland, of Philadelphia, Pa., and Ralph C. Williamson, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff in this suit seeks to recover the sum of $21,547.09, with interest thereon, excise taxes assessed and collected under section 900 of the Revenue Acts of 1918 and 1921 (40 Stat. 1122, and 42 Stat. 291), and section 600 of the Revenue Act of 1924 (26 USCA §§ 881 note, 882).

The tax was assessed upon the sale of electric storage batteries manufactured by the plaintiff and was paid on the dates and in the amounts stated in finding 3.

The question for decision is whether the batteries sold by plaintiff were parts or accessories of automobile trucks, automobile wagons, other automobiles, or motorcycles within the meaning of the applicable sections of the revenue acts of 1918, 1921, and 1924.

The provisions of section 900 of the Revenue Acts of 1918[1] and 1921, and section 600 of the Revenue Act of 1924, so far as they are material in this case, are substantially the same.

The plaintiff during the period involved manufactured and sold a large variety of types or sizes of portable storage batteries. These batteries were sold through jobbers, retailers, dealers, distributors, and also directly to the ultimate user. They differed from each other as to voltage, amperage, number of plates per cell, cell assembly and length, width, height, and weight. They were listed for sale in a catalogue published by the

---

[1] Section 900 of the Revenue Act of 1918 (40 Stat. 1057, 1122):

"That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons, (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motorcycles, (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;

"(3) Tires, inner tubes, parts, or accessories, for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum."

plaintiff, indicating the types of cables and terminal connectors recommended for use with each battery for starting, lighting, and ignition systems. In this catalogue the particular type of battery suitable for use on the various makes and models of automobiles was designated and comparison was made between plaintiff's batteries and corresponding types of other manufacturers.

The challenged taxes were paid on all batteries sold by the plaintiff except those which could not be used on automobiles. The taxed batteries were sold and used for and in connection with the starting, lighting, and ignition systems of automobiles and other automotive vehicles, and in connection with starting, lighting, and ignition systems of motorboats; for lighting yachts and for emergency lighting on freight and passenger vessels; for lighting Christmas trees: for farm and home lighting systems; for lighting merry-go-rounds; for lighting on airplanes; for testing in engineering laboratory work; for portable moving-picture machines; for testing in electrical shops; for fire-alarm systems in office buildings; for annunciator systems; for portable searchlights in tunnels, manholes, and street openings; for radio-broadcasting stations; for ignition on concrete mixers; for driving motors in small machine shops; for fans used in incubators; for operating electric clocks; for gasoline engines: for operating circular saws, silage machines, and creamery separators; for fare-box meters to register fares; for operating recording clocks; for school laboratories for testing voltage drops, charge and discharge curves and cycles, motor work, etc.; for operating bells and buzzer systems in private homes; for operating magic-lantern machines, toy trains, and toy erector sets; for operating electric massage machines; and for use in connection with burglar-alarm systems.

The Supreme Court in Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 423, 74 L. Ed. 1051, laid down the rule by which it is to be determined whether a particular article (storage battery in that case) is taxable under section 900 of the Revenue Acts of 1918 and 1921. The court said:

"The administrative regulations issued under section 900 uniformly have construed the term 'part' in that section as meaning any article designed or manufactured for the special purpose of being used as, or to replace, a component part of such vehicle, and which by reason of some characteristic is not such a commercial article as ordinarily would be sold for general use, but is primarily adapted for use as a component part of such vehicle.
* * *

"Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used. Magone v. Wiederer, 159 U. S. 555, 559, 16 S. Ct. 122, 40 L. Ed. 258. We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted."

This court in numerous decisions, both before and since the decision in the Universal Battery Co. Case, supra, has applied the rule announced in that case. Atwater Kent Mfg. Co. v. United States, 62 Ct. Cl. 419; Berg Bros. Mfg. Co. v. United States, 67 Ct. Cl. 165; Milwaukee Motor Products, Inc., v. United States, 66 Ct. Cl. 295; Wells Manufacturing Co. v. United States, 66 Ct. Cl. 283; White Brass Castings Co. v. United States, 70 Ct. Cl. 786; Advance Automobile Accessories Corp. v. United States, 70 Ct. Cl. 786; Blueblaze Motor Specialties Corp. v. United States, 70 Ct. Cl. 785; Anthony Company v. United States (Ct. Cl.) 56 F.(2d) 481, decided March 7, 1932; W. M. Dutton & Sons v. United States (Ct. Cl.) 59 F.(2d) 839, decided June 6, 1932.

In Atwater Kent Mfg. Co. v. United States, supra, it was said: "* * * Where the articles, as those we are concerned with, are applicable for use in different kinds of machines or appliances and are just as applicable to the one use as to the other they are not distinctively parts of automobiles so as to be taxable under these statutes."

In Milwaukee Motor Products, Inc. v. United States, supra, the court said:

"In addition to the uses above enumerated, the timers manufactured by plaintiff, during the times when the excise taxes were paid, were extensively used on engines other than automobile engines, namely, on marine engines of special manufacture and also on tractors, cement mixers, and hoists.

"The wide variety of uses of the timers involved herein, as indicated above, brings

them clearly within the decision of the Atwater Kent Case, supra. * * * "

In W. M. Dutton & Sons v. United States, supra, the court said: "Under the uniform decisions of this court, and the decision of the Supreme Court in Universal .Battery Case, supra, the articles in question being equally adapted to a variety of uses, and commonly put to such uses, one of which is use in motor vehicles, can not be considered as primarily adapted for use in motor vehicles."

In Anthony Company v. United States, supra, supplemental opinion for a new trial, the court said: " * * * What the court found in substance was that air pumps similar in style and design were manufactured and used before automobiles were constructed, and that the air pumps in question were equally adaptable for use with many different kinds of apparatus other than automobiles."

■ Applying the rule announced in these cases to the facts in the instant case, it is clear the storage batteries manufactured and sold by the plaintiff on which the taxes were paid were not subject to the tax.

The plaintiff's batteries were not designed or manufactured for the special purpose of being used as or to replace component parts of any vehicle named in the statutes; neither were they primarily adapted for such use. On the contrary, the evidence abundantly shows, and we have found, that they were adaptable to a great variety of uses other than on automobiles, and were commonly put to such uses. A purchaser of one of the batteries could, without making any change in it whatever, use it for any one of a great variety of purposes, for all of which it was equally adaptable. It cannot therefore be said it was primarily adapted for use in an automobile, automobile truck, or automobile wagon.

Cole Storage Battery Co. v. United States, 65 Ct. Cl. 164; Amplus Storage Battery Co. v. United States, 67 Ct. Cl. 711; Edison Storage Battery Co. v. United States, 67 Ct. Cl. 543; and Vesta Battery Corporation v. United States, 67 Ct. Cl. 711, relied upon by the defendant, are distinguishable from this case on the facts.

In Vesta Battery Corporation v. United States, supra, it was found that the batteries in question were of a type especially suitable for use on automobiles as replacements for batteries which were a part of the automobile's original equipment, and that they were not adapted to any other primary use.

In Edison Storage Battery Co. v. United States, supra, there was a finding that the batteries in respect to which the taxes were paid were especially adaptable for supplying the motive power for electrically propelled automobile trucks, and for lighting on automobiles, and were sold for these specific purposes.

In Cole Storage Battery Co. v. United States, supra, there was a finding that: "Plaintiff during the period involved in this suit manufactured and sold lighting and starting batteries which were designed for the special purpose of being used to replace a component part for automobiles."

It was further found that: "Plaintiff's business policy was to manufacture a battery which would be used on any make of automobile equipped with a storage battery. Many types of batteries were manufactured that would not have been necessary except that the specifications for different automobiles required batteries of different shapes."

The affirmative findings in these cases that the batteries involved were specially adapted or designed for use in automobiles were based on the absence of a showing that they were equally adapted to a variety of other uses and were commonly put to such uses. With the facts so found, the validity of the tax in each case was sustained.

The facts in this case are entirely different. The plaintiff's batteries were designed for general use, and were put to more than thirty uses other than on automobiles, for all of which they were equally as well adapted as for use on automobiles.

"If the article was 'equally adapted' for a variety of uses, obviously it could not be 'specially adapted' for use upon automobiles. Therefore a finding that the article was 'equally adapted' for other uses, and is commonly so used, is equivalent to a finding that it was not 'specially adapted' for use on automobiles." Anthony Company v. United States, supra (supplemental opinion by Judge Green).

The plaintiff is entitled to recover, and is therefore awarded a judgment for the amount of the taxes involved, $21,547.09, with interest as provided by law. It is so ordered.