JEFFERSON ELECTRIC MFG. CO. v. UNITED STATES.

No. K-94.

Court of Claims.
March 13, 1933.

See, also, 38 F.(2d) 139.

780

Robert N. Anderson, of Washington, D. C. (Adrian C. Humphreys, of New York City, George P. McCabe, of Washington, D. C., and Charles J. Tressler, of Chicago, Ill., on the briefs), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

The plaintiff brings this suit to recover excise taxes in the sum of $20,017.58 collected on ignition coils manufactured and sold by it for the taxable period May 1923, to February 1926, inclusive. The sum sued for is the balance on a claim for refund of $67,-544.87, the defendant having refunded $47,-527.29 with interest. A counterclaim has been filed by the defendant to recover the amount so refunded. The only question involved is whether ignition coils manufactured and sold by the plaintiff were subject to tax as automobile parts or accessories under section 900 of the Revenue Acts of 1918 and 1921, 40 Stat. 1057, 1122, 42 Stat. 227, 291, and section 600 of the Revenue Act of 1924, 43 Stat. 253, 323 (26 USCA §§ 881 note, 882).

The facts in this case are similar in most respects to those in the case of Atwater Kent Manufacturing Company v. U. S., 62 Ct. Cl. 419, in which the plaintiff was permitted to recover. We can find no difference in principle between these cases. All of plaintiff's sales of ignition coils were taxed whether they were advertised for use on automobiles or not; the entire amount of excise tax paid during the period involved has been proved; none of plaintiff's ignition coils were especially adapted for use in automobiles; none of plaintiff's ignition coils were sold by plaintiff to automobile manufacturers, dealers, or owners for use on automobiles; all of plaintiff's ignition coils were equally adapted for use on any internal combustion engine, and as the plaintiff sold to wholesalers, jobbers, mail order houses, and dealers, and, as their use was general in any kind of internal combustion engine, it was not within plaintiff's knowledge to what particular use they were put.

The ignition coils were not specially designed for or primarily adaptable to automobiles and therefore are not within the provisions of the statute and regulations. See Wells Manufacturing Company v. United

States, 66 Ct. Cl. 283; Milwaukee Motor Products, Inc. v. United States, 66 Ct. Cl. 295.

The plaintiff is entitled to recover. The counterclaim is dismissed. It is so ordered.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.