**ENGLERT MFG. CO. v. UNITED STATES.**
No. H–180.

Court of Claims.
June 5, 1933.

George M. Morris, of Washington, D. C. (Harry C. Kinne and KixMiller, Baar & Morris, all of Chicago, Ill., on the brief), for plaintiff.

Ralph C. Williamson and W. W. Scott, both of Washington, D. C., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a manufacturer of electric storage batteries, brings suit to recover the sum of $10,121.94, together with interest thereon, excise taxes paid upon the sale of such batteries for the period between May 12, 1921, and March 31, 1926.

The taxes were imposed and collected under sections 900 of the Revenue Acts of 1918 (c. 18, 40 Stat. 1122) and 1921 (c. 136, 42 Stat. 291), and section 600 of the Revenue Act of 1924 (c. 234, 43 Stat. 253, 322 (26 USCA §§ 881 note, 882).

Timely claims for refund of the taxes were filed by plaintiff, and were disallowed by the Commissioner of Internal Revenue on the sole ground that storage batteries constitute automobile parts within the meaning of the taxing statutes. The suit was timely instituted.

The sole issue presented is: Were the storage batteries involved automobile "parts" within the meaning of the statutes?

The facts disclosed by the findings are parallel to the facts in General Lead Batteries Co. v. United States, 60 F.(2d) 177, 75 Ct. Cl. 605, U. S. Light & Heat Corporation v. United States (Ct. Cl.) 3 F. Supp. 861, M. & M. Company v. United States (Ct. Cl.) 3 F. Supp. 886, and Universal Battery Co. v. United States (Ct. Cl.) 3 F. Supp. 878, decided to-day. The taxed batteries in this case are the same type as those in the cases referred to, and were sold and used for substantially the same variety of purposes. While the chief nonautomotive use and sale of the batteries in the instant case were in the radio field, they were sold and used for over thirty different purposes other than in automobiles, and were just as adaptable for these uses as they were for use in automobiles.

Under the rule announced in the cases cited, articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, may not be classed as "parts" for automobiles. See Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051, C. F. Routzahn, Col., v. Willard Storage Battery Co., 65 F.(2d) 89, decided May 9, 1933, C. C. A., Sixth Circuit, and McCaughn, Col., v. Electric Storage Battery Co., 63 F. (2d) 715, decided January 31, 1933, C. C. A., Third Circuit.

The plaintiff is clearly entitled to recover. Judgment is therefore awarded the plaintiff in the sum of $10,121.94, with interest as provided by law.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.