## UNIVERSAL BATTERY CO. v. UNITED STATES.

### No. D–785.

Court of Claims.
June 5, 1933.

George M. Morris, of Washington, D. C. (Harry C. Kinne, of Chicago, Ill., and Kix-Miller, Baar & Morris, of Washington, D. C., on the brief), for plaintiff.

Ralph C. Williamson and W. W. Scott, both of Washington, D. C., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff sues to recover the sum of $30,884.34, of which sum $27,841.35 represents excise taxes paid upon the sale of electric storage batteries manufactured by it. The remaining $3,042.99 represents additional interest alleged to be due on a refund of taxes made to plaintiff on July 19, 1923, of $26,809.82, erroneously collected on the sale of battery parts. This item of the claim is abandoned by plaintiff in the brief, and the

only question presented is the plaintiff's right to recover the taxes paid on the sales of completed batteries during the taxable period involved.

The challenged taxes were paid between March 30, 1919 and October 31, 1923. The claim for refund was filed on January 16, 1924. Consequently that portion of the taxes paid prior to January 16, 1920, is barred. The amount paid subsequent to that date was $25,583.84.

The sole issue is whether plaintiff's batteries were parts for automobiles within the meaning of section 900 of the Revenue Acts of 1918 and 1921 (c. 18, 40 Stat. 1122; c. 136, 42 Stat. 291), under the provisions of which the taxes were imposed and collected. These sections are identical and read:

"Sec. 900. That from and after January 1, 1922 [1921 Act], there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

· "(2) Other automobiles and motorcycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;

"(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum."

The applicable Treasury Regulations issued for the administration of sections 900 of these respective acts are identical, and read: "Definition of parts.—A 'part' for an automobile truck, automobile wagon, or other automobile chassis or body, or motorcycle, is any article designed or manufactured for the special purpose of being used as, or to improve, repair, or replace, a component part

of any such vehicle, or article, and which by reason of some peculiar characteristic is not such a commercial commodity as would ordinarily be sold for general use, or which is primarily adapted only for use as a component part of such vehicle or article."

The Supreme Court, in Universal Battery Company v. United States, 281 U. S. 580, 50 S. Ct. 422, 423, 74 L. Ed. 1051, approved this administrative definition of the term "parts" as used in the Revenue Acts of 1918 and 1921. The court said: "Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles."

The findings show that the taxed batteries in this case were sold and used for a great variety of purposes other than for use in automobiles, and that they were as equally adapted to such uses as they were to use in automobiles. These facts bring the case squarely within the rule announced by the court in Atwater Kent Mfg. Co. v. United States, 62 Ct. Cl. 419; General Lead Batteries Co. v. United States, 60 F.(2d) 177, 75 Ct. Cl. 605; and U. S. Light & Heat Corporation v. United States (Ct. Cl.) 3 F. Supp. 861, decided to-day. These cases are parallel with the instant case in their essential facts and are controlling. See, also, Milwaukee Motor Products, Inc., v. United States, 66 Ct. Cl. 295; W. M. Dutton & Sons v. United States, 59 F.(2d) 839, 75 Ct. Cl. 326; Anthony Company v. United States, 54 F.(2d) 165, 56 F.(2d) 481, 73 Ct. Cl. 758; C. F. Routzahn, Col. v. Willard Storage Battery Co., decided May 9, 1933, C. C. A., Sixth Circuit, 65 F.(2d) 89; and McCaughn, Col., v. Electric Storage Battery Co., 63 F.(2d) 715, decided January 31, 1933, C. C. A., Third Circuit.

The plaintiff is entitled to recover and judgment is ordered to be entered in its favor against the United States in the sum of $25,583.84, with interest as provided by law.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.