**M. & M. CO. v. UNITED STATES.**
No. H–329.

Court of Claims.
June 5, 1933.

890

George M. Morris, of Washington, D. C. (Harry C. Kinne, of Chicago, Ill., and Kix-Miller, Baar & Morris, of Washington, D. C., on the brief), for plaintiff.

Ralph C. Williamson and W. W. Scott, both of Washington, D. C., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a manufacturer of electric storage batteries, sues to recover manufacturers' excise taxes paid upon the sale of such batteries on and between July 13, 1921, and April 1, 1926.

The taxes were imposed and collected under sections 900 of the Revenue Acts of 1918 (c. 18, 40 Stat. 1122) and 1921 (c. 136, 42 Stat. 291), and section 600 of the Revenue Act of 1924 (c. 234, 43 Stat. 253, 322, 26 USCA §§ 881 note and 882). The pertinent sections of the respective revenue acts are substantially the same, with the exception that the 1924 act imposes a tax of 2½ per cent. instead of 5 per cent. as provided in the acts of 1918 and 1921.

The applicable Treasury Regulations issued for the administration of the three acts are in substance the same, and define the term "parts" as "any article designed or manufactured for the special purpose of being used as or to replace a component part of any such vehicle [automobile truck, automobile wagon, other automobile, or motorcycle] and which by reason of some peculiar characteristic is not such a commercial commodity as would ordinarily be sold for general use, and which is primarily adapted only for use as a component part of such vehicle."

This administrative definition of the term "parts" was approved by the Supreme Court in Universal Battery Company v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051, and has been applied by this court in General Lead Batteries Company v. United States, 60 F.(2d) 177, 75 Ct. Cl. 605, and in U. S. Light & Heat Corporation v. United States (Ct. Cl.) 3 F. Supp. 861, Englert Mfg. Company v. United States (Ct. Cl.) 3 F. Supp. 873, and Universal Battery Company v. United States (Ct. Cl.) 3 F. Supp. 878, decided to-day.

The facts in the instant case are in all essential respects parallel to the facts in the cases cited. The batteries sought to be taxed in these cases were of the same type as plaintiff's batteries, and were sold and used for substantially identical purposes. They were equally as well adapted to use for a great variety of nonautomotive purposes as they were for use on automobiles. Such batteries were held not to be parts for automotive vehicles within the meaning of the taxing statutes. See, also, C. F. Routzahn, Col., v. Willard Storage Battery Co., 65 F.(2d) 89, decided May 9, 1933, by C. C. A., Sixth Circuit, and McCaughn, Col., v. Electric Storage Battery Co., 63 F.(2d) 715, decided January 31, 1933, by C. C. A., Third Circuit.

The plaintiff is entitled to recover, and judgment in his favor is ordered to be entered for the sum of $8,801.95, with interest thereon as provided by law.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.