## JEFFERSON ELECTRIC MFG. CO. v. UNITED STATES.

### No. K–94.

Court of Claims.

June 3, 1935.

Newton K. Fox, of New York City (George P. McCabe, of Washington, D. C., and Adrian C. Humphreys, of New York City, on the briefs), for plaintiff.

James A. Cosgrove and Jesse P. Fillman, both of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a suit for the recovery of excise taxes paid by plaintiff during the period from May 19, 1923, to February 26, 1926, on ignition coils manufactured and sold by plaintiff. The case was previously considered by this court, at which time we held that the ignition coils sold by plaintiff were not subject to excise tax under section 900 of the Revenue Acts of 1918 and 1921 (40 Stat. 1122; 42 Stat. 291), and section 600 of the Revenue Act of 1924 (26 USCA §§ 881 note, 882). Jefferson Electric Manufacturing Co. v. United States, 2 F. Supp. 778, 77 Ct. Cl. 199. Certiorari was thereafter granted, 291 U. S. 386, 54 S. Ct. 443, 450, 78 L. Ed. 859, and the decision of this court reversed on the ground of uncertainty as to whether plaintiff bore the burden of the tax sought to be refunded or whether it had passed the tax on to its customers. In remanding the case to this court the Supreme Court said:

"The findings leave it uncertain whether the plaintiff in making its returns to the revenue officers gave the amount shown on the invoices or 20/21 (later 40/41) of that amount as the selling price; and they also leave it uncertain on which basis the tax was computed. If by its invoices the plaintiff represented to its purchasers that the amount shown thereon included the tax as well as the selling price, and if it returned that amount less the tax as the selling price, and caused the tax to be computed on that basis, it cannot be heard to say, in the absence of other controlling circumstances of which there is no finding, that it did not collect the tax from the purchasers but itself bore the burden thereof."

Plaintiff was accordingly given a new trial at which additional evidence was submitted, and we have made special findings on the basis of the entire record. It is clear from the record as now presented that plaintiff, in making returns to the revenue officers, gave $20\!\!/\!\!21$ or $40\!\!/\!\!41$, depending upon the period involved, as the selling price and computed the tax which it now seeks to have refunded upon those fractional amounts of the invoice price. We are also unable to find any controlling circumstances which would permit plaintiff to say that it did not collect the tax from its purchasers but itself bore the burden thereof. We are accordingly of the opinion that this case falls squarely within the principle laid down in Jefferson Electric Manufacturing Co. v. United States, supra, and Virginia-Carolina Rubber Co. v. United States, 7 F. Supp. 299, 79 Ct. Cl. 693, which preclude recovery.

The petition must be dismissed. It is so ordered.