### UNIVERSAL, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7079.

Circuit Court of Appeals, Seventh Circuit.
Feb. 8, 1940.

Allen H. Gardner and George M. Morris, both of Washington, D. C., Morris, Kix Miller & Baar, of Washington, D. C., of counsel) for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and S. Dee Hanson, Sp. Assts. to Atty. Gen., and J. P. Wenchel and Irving M. Tullar, both of Washington, D. C., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from a decision of the Board of Tax Appeals approving the action of the Commissioner who found that petitioner was liable for a deficiency income tax for the year 1934.

Petitioner is and was an Illinois corporation engaged in the manufacture and sale of storage batteries and parts, and, during the years 1920 to 1923, inclusive, was subjected to a Federal excise tax, under section 900 of the Revenue Acts of 1918 and 1921 (40 Stat. 1122; 42 Stat. 291), upon its sales of storage batteries. Petitioner collected the amount of such excise taxes from its customers who purchased its batteries. It did not include as income nor deduct as taxes paid, the said amounts, and insisted it was not subject to said tax and its payments were made under protest. It brought suit in the Court of Claims to recover the amount of taxes paid and obtained judgment thereon, pursuant to which a refund in the amount of $25,583.84, was made to it in the fiscal year ending June 30, 1934. The refund payment was made by virtue of a judgment of the Court of Claims, Universal Battery Co. v. United States, 3 F.Supp. 878, affirmed on appeal by the Supreme Court, 291 U. S. 672, 54 S.Ct. 457, 78 L.Ed. 1061. Petitioner did not include this amount in its taxable income for the year 1934, and the Commissioner assessed a deficiency based thereon. Thus this controversy arose.

The amount paid to petitioner was by it retained. Any claims for refunds, by customers to whom it sold batteries, were barred by the statute of limitations. Likewise any claims for tax assessment by the Government for the years 1920 to 1923 in-

clusive, were barred by the statute of limitations.

Our question is: Is a taxpayer who has paid excise taxes on storage batteries in prior years and in 1934, recovered from the Government all such sums so paid, because illegally assessed, liable under the Revenue Act of 1932 (§ 22, 26 U.S.C.A. § 22) for income taxes thereon for the year (1934) when the refunds were received?

The law is pretty well settled that: (a) Refunds of taxes erroneously and illegally collected constitute taxable income. Nash v. Commissioner, 7 Cir., 88 F.2d 477. (b) The amount of such refunds should be included in taxpayer's income for the year in which received. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Chicago, R. I. & P. Ry. Co. v. Commissioner, 7 Cir., 47 F.2d 990.

The order of the Board of Tax Appeals is affirmed.