KRAUSHAAR v. LESCHIN et al.

No. 3535.

District Court, E. D. Pennsylvania.

Oct. 13, 1944.

Maxwell Pestcoe, of Philadelphia, Pa., for plaintiff.

Edward I. Weisberg, of Philadelphia, Pa., for defendants.

BARD, District Judge.

On December 23, 1943, plaintiff as administrator ad prosequendum of the Estate of Jay W. Weil, deceased, instituted the present action, pursuant to the Wrongful Death Act of New Jersey,[1] to recover damages for the death of his intestate, which occurred on January 7, 1942. On February 8, 1944, the defendant filed an answer denying the allegations of the complaint. On March 21, 1944, defendant filed a motion for judgment on the pleadings on the ground that the action was barred by the one-year Pennsylvania statute of limitations for this type of action.[2] Argument was had on this motion, and on April 27, 1944, Judge Kirkpatrick filed an opinion denying the motion on the specific ground that the statute of limitations "is an affirmative defense which, like most, may be waived. Rule 8(c), 28 U.S.C.A. following section 723c, confirms this principle * * *." 4 F.R.D. 143.

On July 17, 1944, defendant filed the present motion for leave to file an amended and supplemental answer interposing the following two affirmative defenses: (1) That plaintiff is not entitled to maintain the action because it was not brought within the period specified by the Pennsylvania Wrongful Death Act; (2) that plaintiff is barred from recovery because he has made a settlement with a joint tort-feasor, by reason of which the defendant is released.

To this motion plaintiff has filed an answer asserting that defendant has waived the defense of the statute of limitations by her delay in attempting to set it up in her answer to the complaint, and that the second affirmative defense sought to be interposed has no merit because a covenant not to sue, rather than a release, was given to the alleged joint tort-feasor.

Defendant relies upon Rule 15(a) of the Federal Rules of Civil Procedure which permits amendments of pleadings by rule of court and provides that "leave shall be freely given when justice so requires." In reply plaintiff relies on the provision of Rule 8(c) that the statute is an affirmative defense which, under Rule 12(h), is waived unless raised in the answer. He further points out that defendant has offered no explanation for his failure to seek this amendment for almost three months after Judge Kirkpatrick in his opinion specifically held that the statute of limitations could not be considered unless asserted affirmatively.

While plaintiff's contentions have considerable force, I am constrained to permit this amendment in view of the liberality specifically prescribed by Rule 15 (a) of the rules. Plaintiff has failed to show any substantial prejudice by reason of defendant's delay. His action in this jurisdiction was not instituted for almost two years after the death of his intestate. If, as plaintiff contends, the two-year New Jersey, rather than the one-year Pennsylvania, statute of limitations is applicable to this suit, the amendment is immaterial. If, contrary to his contention, the Pennsylvania limitation period is applicable, plaintiff is no worse off then if the defense had been raised in defendant's answer. That answer was filed on February 8, 1944, more than two years after the death upon which the claim was based, and hence the New Jersey limitation period would have barred any attempt at that time to abandon the action here and to begin a new action in New Jersey.

With respect to the defense of release of the alleged tort-feasor, it is admitted that the settlement relied upon by defendant was not made until June 1944, and hence could not have been raised by defendant's original answer. Plaintiff asserts that this defense, under the facts of the case, has no legal merit, but that question need not now be considered. Under the provisions of Rule 15(d), defendant's answer may be supplemented by this defense.

---

[1] New Jersey Revised Statutes 2:47–1 to 6, N.J.S.A.

[2] Act of April 26, 1855, P.L. 309 § 2, 12 P.S.Pa. § 1603.