## SIKES v. UNITED STATES.

### Civil Action No. 7839.

District Court E. D. Pennsylvania.

March 10, 1948.

---

Edwin, Fischer, of Philadelphia, Pa., for plaintiff.

Leon H. Fox, Asst. U. S. Atty., of Norristown, Pa., for defendant.

BARD, District Judge.

The defendant, the United States of America, has moved to dismiss the complaint on the ground that the action is barred by the statute of limitations.

The plaintiff's complaint, which is purportedly based upon the Federal Tort Claims Act,[1] alleges a cause of action for personal injury sustained by the plaintiff as a result of a fire which occurred on premises which were leased by the United States Government.

The record establishes beyond question that the plaintiff's action was not instituted within the one year period of limitation established by Section 420 of the Federal Tort Claims Act. The plaintiff contends, however, that the defense of statute of limitations must be affirmatively pleaded, and cannot be raised by motion to dismiss.

It is true that Judge Kirkpatrick of this district has held, in Kraushaar v. Leschin, D. C., 4 F.R.D. 143, that a party must plead the statute of limitations in order to avail himself of it. However, Judge Kirkpatrick further pointed out in the Kraushaar case, at 4 F.R.D. 144: "An exception to the foregoing general rule is to be found where the cause of action is one that does not exist at common law but is created by a statute which makes the bringing of a suit within a specified time a condition precedent to the existence of the cause of action itself. The distinction is between a substantive right and a procedural requirement."

It is apparent from a consideration of the statute here involved that the instant case comes within the foregoing exception. Therefore, I think that the defense of statute of limitations has been properly raised by the defendant's motion to dismiss.

An order may be entered granting defendant's motion to dismiss the complaint.

---

[1] August 2, 1946, c. 753, Title IV, 60 Stat. 843, 28 U.S.C.A. § 921 et seq.