The BUDD COMPANY
v.
UNITED STATES of America.
No. 15476.

United States District Court
E. D. Pennsylvania.
Aug. 29, 1956.

Frederick E. S. Morrison and Calvin H. Rankin, of Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff.

Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., James X. Kilbridge, Sheldon J. Gitelman, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

VAN DUSEN, District Judge.

In this suit for refund of federal corporation income taxes commenced on June 30, 1953, the defendant filed on April 9, 1956,[1] a motion for leave to file a second amended answer, which motion is objected to by the plaintiff.

The second amended answer adds to the defenses contained in the first amended answer the allegation that the net operating loss of the plaintiff for the year 1946, available for carry-forward to 1947, in the amount of $7,379,254.90 [2] should be eliminated by a credit against the taxpayer's income and excess profits tax liabilities for 1944 in the amount of $1,942,622.64 and a refund of 1944 excess profits taxes in the amount of $4,-

1. Although a one-sentence motion for leave to file a second amended answer was filed on March 12, 1956 the proposed second amended answer was not filed as an exhibit to this motion until April 9, 1956, so that the plaintiff had no written notice of the terms of the proposed second amended answer until the later date.

2. This figure is computed in plaintiff's refund claim, which is attached to the complaint and referred to in paragraph 7 of the complaint as containing the basis for plaintiff's right of recovery.

968,544.42.[3] On the present state of the record, it cannot be said that the two last mentioned items could not possibly be includible in gross income as defined in Section 22(a) of the 1939 Internal Revenue Code, 26 U.S.C.A. See Universal, Inc., v. Commissioner, 7 Cir., 1940, 109 F.2d 616; Freihofer Baking Co. v. Commissioner, 3 Cir., 1945, 151 F.2d 383; Electric Storage Battery Co. v. Rothensies, 3 Cir., 1945, 152 F.2d 521, reversed on other grounds, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296; but cf. Lewyt Corp. v. Commissioner, 1955, 349 U.S. 237, 75 S.Ct. 736, 99 L.Ed. 1029. As stated by the court in Union Trust Co. of Indianapolis v. Commissioner, 7 Cir., 1940, 111 F.2d 60, 61, "The fact is, that the sum total of the transactions constitutes a saving to the [taxpayer], and we think may properly be said to be a gain or profit." The doctrine that equitable principles govern the defenses to tax refund claims [4] has been applied by this court to support the inclusion of a similar item in gross income. See Philadelphia National Bank v. Rothensies, D.C.E.D.Pa. 1942, 43 F.Supp. 923, 925. Since the credit of $1,942,622.64 does not result from the 1946 loss, defendant is in a weaker position in contending that this results from the "one" transaction forming the basis for this suit,[5] but no final decision can be reached until plaintiff has had an opportunity to produce evidence concerning these items.

 The first amended answer states that the allegations contained in the refund claim "are specifically denied" and that the allegations contained in paragraph 7 of the complaint "are denied." Such denials are not sufficient to comply with the terms of F.R.Civ.P. 8(b), 28 U.S.C.A., which provides:

"* * *. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; * * *."

It is quite clear that the defendant does not deny all the figures shown in the refund claim and it is well recognized that the above-mentioned rule requires the defendant to give the plaintiff notice of the defenses which it shall be called upon to meet.[6] Defendant contends, how-

---

3. The second amended answer states, in the alternative, that if the sum of $4,968,544.42 is held to constitute accrued income in the year 1947 and not in the year 1946, then this figure should be applied to increase the taxable income of plaintiff for the year 1947. Whether the figure of $4,968,544.42 is used to decrease the net operating loss for 1946 or to increase the taxable income received by plaintiff in 1947, there will be no difference in the amount of 1947 income tax ultimately determined to be due by plaintiff.

4. See Stone v. White, 1937, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265.

5. See Rothensies v. Electric Storage Battery Co., 1946, 329 U.S. 296, 299, 67 S.Ct. 271, 91 L.Ed. 296, and Lewyt Corp.

v. Commissioner, 1955, 349 U.S. 237, 75 S.Ct. 736, 99 L.Ed. 1029. Also, it is quite probable that this item was properly accrued in the loss year of 1945 so that it would not decrease the 1946 loss in any event.

6. See Vol. 2 Moore's Federal Practice (2nd Ed.), §§ 8.21 & 8.23, together with cases there cited. The fact that the defendant may defeat a suit for refund of taxes by any state of facts creating equitable rights in its favor, see Stone v. White, 1937, 301 U.S. 532, 534–535, 57 S.Ct. 851, 81 L.Ed. 1265; Ryan v. Alexander, 10 Cir., 1941, 118 F.2d 744, 748; United States v. Pfister, 8 Cir., 1953, 205 F.2d 538, 541–542, relied on by defendant, does not relieve it of giving plaintiff adequate written notice of its position in

ever, that it notified the plaintiff at a conference in Washington in October, 1955 that its defense to the action included the contention that the amounts stated above should be taken into account in computing the plaintiff's taxable income for 1947. On the other hand, plaintiff contends that the statements made by defendant's representatives at such a conference were so vague that it was impossible for it to understand the position being taken by defendant.[7]

■■ The most important factor in determining whether a motion for amendment of the pleadings should be permitted under F.R.Civ.P. 15 is whether any prejudice will result to the opposing party in granting such a motion.[8] There is at least some support already in the record for the plaintiff's position

that it will be prejudiced in the event that defendant is permitted to rely on its contention that the above two amounts should be taken into consideration in computing plaintiff's 1947 taxable income.[9] Since the court is empowered by the terms of F.R.Civ.P. 15(b) to amend the pleadings even after judgment and to grant a continuance to enable the objecting party to meet evidence of the type under discussion, the motion to file the second amended answer will be denied at this time, with leave to the defendant to renew it at the hearing[10] which will be granted to plaintiff to submit evidence and argument to rebut the contention of defendant that the $1,942,-622.64 and $4,968,544.42 should be included in the 1947 taxable income of the plaintiff.

accordance with the terms of the Federal Rules of Civil Procedure. Also, it is noted that F.R.Civ.P. 9(c) requires that a denial of an occurrence, constituting a condition precedent to the claim, shall be made specifically and with particularity. The amount of the taxable income for the year in question is certainly an occurrence which is similar to a condition precedent in bringing any action for refund of federal income taxes and, where the defendant claims, in effect, an increase in this taxable income by amounts in excess of six million dollars, a statement denying all the plaintiff's computations showing taxable income is not a denial of the occurrence of the taxable income "specifically and with particularity."

7. Defendant points out that it was unnecessary for it to consider this defense until the opinion of the United States Supreme Court in the Lewyt case, supra, was filed on May 23, 1955. However, if it appears that plaintiff has suffered prejudice as a result of defendant's delay in giving it "written notice" of its contention for the first time in April 1956, within seven days of the date listed for the trial (this case appeared on the civil non-jury trial list for April 16, 1956, having been continued at previous listings), defendant's failure to give prompt written notice of all its defenses may not be excusable under the decided cases. See Vol. 3, Moore's Federal Practice (2nd Ed.), § 1508, and cases there cited.

8. See, for example, Armstrong Cork Co. v. Patterson Sargent Co., D.C.N.D.Ohio E.D.1950, 10 F.R.D. 534. In view of the fact that the Supreme Court's decision in the Lewyt case was a practical prerequisite to the preparation of this case for trial and that this was not available until May 1955, the plaintiff's emphasis on the period between institution of suit (June 1953) and the filing of this motion in April 1956 (as opposed to the period from May 1955 to April 1956) is not as significant as such period was in the cases on which it relies in its brief. It is noted that the court relied on prejudice shown by plaintiff as well as delay in refusing the motion to amend in Darcy v. North Atlantic & Gulf S. S. Co., Inc., D.C.E.D.Pa.1948, 78 F.Supp. 662.

9. The testimony of Messrs. Mann (N. T. 108 ff.) and Stevens (N. T. 237 ff.) indicates that other persons, who may not now be available to plaintiff, would be in a better position to substantiate its contention that the renegotiation credit of $1,942,622.64 was properly accrued in 1945.

10. At this hearing, plaintiff will be afforded the opportunity to present evidence and argument to show that it would be prejudiced by permitting defendant to present the defenses based on its contention that the above-mentioned figures should be included in plaintiff's 1947 taxable income.