38

**Frances SCHWARTZ**

v.

**AMERICAN STORES COMPANY.**

No. 22598.

United States District Court
E. D. Pennsylvania.

May 5, 1958.

Norman Shigon, Philadelphia, Pa., for plaintiff.

James Paul Dornberger, J. Paul Erwin, Philadelphia, Pa., for defendant.

EGAN, District Judge.

The defendant moves to amend its answer so as to plead the statute of limitations. It relies on Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., which states *inter alia* that "leave [to amend] shall be freely given when justice so requires."

Justice so requires where the granting of the motion results in no prejudice to the opposing party. Budd Co. v. United States. D.C.E.D.Pa.1956, 19 F.R.D. 346; Sears, Roebuck & Co. v. American Plumbing & Supply Co., D.C. E.D.Wis.1956, 19 F.R.D. 334; Bella v. Marine Transport Lines, D.C.S.D.N.Y. 1956, 18 F.R.D. 410; Emich Motors Corp· v. General Motors Corp., D.C.N.D. Ill.1953, 15 F.R.D. 354, 356; Kraushaar v. Leschin, D.C.E.D.Pa.1944, 4 F.R.D. 144.

It is apparent that in this case, the only prejudice that may result is that the plaintiff's claim will be barred. If this were a valid ground for objection, Rule 15(a) would be nugatory. Obviously, this was not contemplated by the Rules.

The Court does not take the position that the defendant should be penalized because of an apparent oversight on behalf of its counsel. The sporting element of pleading is no longer with us. See, Kraushaar v. Leschin, D.C.E.D.Pa.1944, 4 F.R.D. 144; Downey v. Palmer, D.C. S.D.N.Y.1939, 27 F.Supp. 993, reversed on other grounds.

Accordingly, the motion to amend is granted.