**Carol Jean MARTIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 76–1082–GT.**

United States District Court, S. D. California.

May 3, 1977.

Richard K. Stacer, San Diego, Cal., for plaintiff.

Peter W. Bowie, Asst. U. S. Atty., San Diego, Cal., for defendant.

## ORDER

GORDON THOMPSON, Jr., District Judge.

This matter came on regularly for hearing on the motion of the United States to dismiss plaintiff's complaint because on the face of the complaint it appears that the statute of limitations bars the suit.

Plaintiff alleges in paragraph VIII of her complaint that the negligence occurred on or about September 6, 1967. She further alleges in paragraph XIII that she filed her administrative claim on or about April 10, 1973.

In opposition to the motion, plaintiff now asserts that she did not discover the alleged negligence until 1972, within two years immediately preceding the filing of her administrative claim. Because she did not discover the alleged negligence until 1972, she contends her cause of action did not accrue until then, and hence the statute of limitations did not commence to run until 1972.

Ordinarily, a statute of limitations is an affirmative defense to be pleaded affirmatively by a defendant, and failure to raise it may constitute a waiver. Rule 8(c), Federal Rules of Civil Procedure. This is so because statutes of limitations are normally characterized as rules of procedure. However, where a statute of limitations is part of the legislation which created a right to sue where none existed before, the statute of limitations is a condition of and limitation upon the right to sue. *Lomax v. United States*, 155 F.Supp. 354 (E.D.Pa.1957).

In *Lomax v. United States, supra*, the court wrote:

Ordinarily, statutes of limitation do not confer any right of action but are enacted

to restrict the period within which the right, otherwise unlimited, might be asserted, and as such are procedural. However, the statute of limitations governing the instant case [28 U.S.C. § 2401(b)] must be considered substantive in that it is part of the statute creating the cause of action. *Foote v. Public Housing Commissioner,* D.C.W.D.Mich.1952, 107 F.Supp. 270. In that case the court said at page 272:

"The provision of 28 U.S.C.A. § 2401(b) that a tort claim against the United States shall be forever barred unless action is begun within two years after the claim accrues, is not merely a procedural requirement but limits the substantive rights created by the Federal Tort Claims Act."

*See, Sikes v. United States,* D.C.E.D.Pa. 1948, 8 F.R.D. 34, 35.

In *Simon v. United States,* 5 Cir., 1957, 244 F.2d 703, the court cited 34 Am.Jur. "Limitations on Actions," Sec. 7 approvingly:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself created a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statue of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability of the action which it permits. The time element of the right so created, and the limitation of the remedy is a limitation of the right. . . . The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability."

And in the 1957 Cumulative Supplement:

"Generally speaking, the time requirement prescribed by a statute granting the right to sue the United States or a State is construed as a condition or qualification of the right; such provision is in other words jurisdictional rather than a mere statute of limitations."

Thus it is clear that in the instant case the provisions of Section 2401(b) cannot be construed to operate merely as a period of limitation, but must be interpreted as conditioning the liability created. [multiple citations omitted] 155 F.Supp. at 357.

The Supreme Court has described the effect of such a limitation on the substantive rights created by a waiver of sovereign immunity. In *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), the Court wrote:

The United States, as sovereign, is immune from suit save as it consents to be sued, [citations omitted] and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. *Id.,* at 586, 61 S.Ct. at 770.

■ Prior to adoption of the Federal Tort Claims Act, suit against the United States for money damages for torts committed by federal employees acting within the course and scope of their employment was precluded by the doctrine of sovereign immunity. The Federal Tort Claims Act, when adopted, constituted a limited waiver of sovereign immunity, which waiver is to be strictly construed. *United States v. Sherwood, supra.*

The statute of limitations for the Federal Tort Claims Act appears at 28 U.S.C. § 2401(b), and provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

■ Just as it is clear that the statute of limitations for the Federal Tort Claims Act, because it is part of the Act which created the right to sue, is one of the "terms of [the government's] consent to be sued," it is also clear that 28 U.S.C. § 2401(b) defines the "court's jurisdiction to entertain the suit." The timely filing of an administrative claim has long been recognized to be a jurisdictional prerequisite to suit under the Federal Tort Claims Act. *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974).

■ With all the foregoing in mind, a review of plaintiff's complaint compels the conclusion that the motion to dismiss must be granted. So far as can be determined from the face of the complaint, the administrative claim was not filed until approximately five and one half years after the date of the alleged negligence. It therefore follows that this court is without jurisdiction to entertain the suit.

Professor Moore discusses cases involving suits against the United States and substantive statutes of limitations and counsels that:

. . . the plaintiff has an affirmative obligation to deal in the complaint with the provisions limiting the time within which an action may be brought under a statute waiving the immunity to suit of the United States.

2A *Moore's Federal Practice* § 8.17[2], p. 1731.

■ In passing, the court notes that Rule 8(a), Federal Rules of Civil Procedure, would require the same result inasmuch as 28 U.S.C. § 2401(b) is jurisdictional and Rule 8(a) requires the plaintiff to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends . . ."

Accordingly, IT IS HEREBY ORDERED that the motion to dismiss shall be and hereby is granted, the complaint is dismissed, and plaintiff shall have leave of twenty (20) days from March 28, 1977 in which to file an amended complaint, if plaintiff so chooses.