**Karen L. JORDAN and Ronald Jordan, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–90–425–B.**

United States District Court,
W.D. Oklahoma.

June 20, 1990.

Stan Twardy, Oklahoma City, Okl., for plaintiffs.

Tim Leonard, U.S. Atty., M. Kent Anderson, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

BOHANON, District Judge.

This matter comes before the court on the motion of Defendant, United States of America ("Government"), to dismiss the above-entitled action on two separate grounds. First, the government argues that Plaintiffs' complaint fails to satisfy the jurisdictional prerequisites of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* In addition, the government contends that Plaintiffs' assault and battery claim is not cognizable under the FTCA. After carefully examining Defendant's motion and brief, Plaintiffs' response thereto, and Defendant's reply brief, the court concludes that Defendant's Motion to Dismiss must be denied in part and granted in part based on the following reasoning.

The facts are as follows: Plaintiffs, Karen and Ronald Jordan, filed suit against Dr. Richard Clay Hudson in the District Court of Oklahoma County, Oklahoma on February 20, 1990. Their petition sought recovery from Dr. Hudson for alleged acts of assault and battery as well as for negligence, lack of informed consent, and loss of consortium resulting from Dr. Hudson's treatment of Mrs. Jordan at the United States Air Force Hospital at Tinker Air Force Base in Oklahoma City, Oklahoma. At the time of the alleged occurrences, Dr.

Hudson was stationed at Tinker Air Force Base and was employed as a physician and general surgeon at the Hospital. In compliance with the jurisdictional requirements of the FTCA, Plaintiffs had previously filed an administrative claim on September 14, 1989, which had neither been denied nor had six months passed at the time they filed suit in state court. On March 15, 1990, the government certified that Dr. Hudson was acting within the scope of his employment as an employee of the United States, and removed the case to this court pursuant to the provisions of 28 U.S.C. § 2679, as amended by Public Law 100–694. The government then moved to substitute the United States as defendant in the case and to dismiss Dr. Hudson as a party-defendant, which motion was granted on April 17, 1990, and subsequently amended on April 18, 1990. The government then filed the motion that is the subject of this order.

■ Initially, the court recognizes that the provisions of the FTCA constitute a waiver of sovereign immunity and should be strictly construed. *See Martin v. United States*, 436 F.Supp. 535 (D.Colo.1977). Further, the FTCA's requirement regarding the filing of an administrative claim is a jurisdictional prerequisite to bringing a civil action against the United States for damages for negligence or a wrongful act of any employee of the United States. *Smith v. United States*, 588 F.2d 1209 (8th Cir. 1978). Thus, the failure of any plaintiff to comply with the administrative filing requirements deprives this court of jurisdiction to hear his claim. Once the administrative claim has been filed, the plaintiff's claim must be denied prior to this court's acquiring jurisdiction.

■ To be denied, a claim can be either formally denied by the administrative agency, or if six months has passed since the filing of the administrative claim and no action has been taken on the claim, it is deemed constructively denied. Plaintiff then is eligible to pursue his tort claim in the district court. *See Melo v. United*

*States*, 505 F.2d 1026 (8th Cir.1974); *Chodos v. F.B.I.*, 559 F.Supp. 69 (S.D.N.Y.) *aff'd*, 697 F.2d 289 (2d Cir.1982); *Lann v. Hill*, 436 F.Supp. 463 (W.D.Okla.1977).

■ In this case, the government argues that at the time of Plaintiffs' filing this action in the district court, their administrative claim had not yet been either formally or constructively denied. Specifically, they urge that six months had not yet passed since the filing of their administrative claim. Therefore, this court is without jurisdiction to hear their claim, and it should be dismissed. In the absence of other facts which this court deems dispositive of this issue, the court would agree with the government's argument. However, Plaintiffs' case was removed from the District Court of Oklahoma County, Oklahoma on March 15, 1990, some six months and 1 day after filing their administrative claim.

It is well recognized that removal jurisdiction is determined as of the time the petition for removal is filed.[1] *See Nash v. Hall*, 436 F.Supp. 633 (W.D.Okla.1977); *Fink & Co. v. Standard Ins. Co.*, 229 F.Supp. 563 (E.D.Okla.1964). In light of this rule, this court must determine whether it possesses jurisdiction to hear this case as of March 15, 1990. On that date, Plaintiffs' claims had not been formally denied but the six-month time period had passed, and consequently, their claim was constructively denied. Accordingly, jurisdiction is properly laid in this court, and the government's motion to dismiss on this basis must be denied.

■ The government's second basis for its motion to dismiss is that Plaintiffs' assault and battery claim is outside the waiver of sovereign immunity included within the FTCA, and therefore, must be dismissed. It contends that an action under the FTCA is the exclusive remedy against the United States, and that 28 U.S.C. § 2680(h) specifically prohibits any recovery for any claim arising out of assault and battery. Plaintiffs in turn argue that they are not proceeding under the FTCA, but

---

1. In this case, and in accordance with the amendment of 28 U.S.C. § 1446(a), Plaintiffs

filed a notice of removal instead of a petition for removal as required by the prior statute.

under the Medical Malpractice Immunity Act, 10 U.S.C. § 1089. As a result, their assault and battery claim falls within section 1089's language which seemingly operates to make inapplicable the FTCA's prohibition against recovery against the United States on an assault and battery theory. *See* 10 U.S.C. § 1089(e). The apparent conflict between the two statutory sections requires this court to examine the applicable legislative history and relevant case law to determine whether Plaintiffs' assault and battery claim is barred.

The Medical Malpractice Immunity Act was passed in response to the perceived need to protect military physicians and other medical personnel from personal liability for acts done within the scope of their official duties. *See* S.Rep. No. 1264, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S. Code Cong. & Admin.News 4443 [hereinafter *Report*]. It functions to make the FTCA the exclusive remedy by requiring claimants to sue the United States for damages rather than the allegedly negligent government employee in his personal capacity. *Report* at 4444.

Prior to the enactment of the Medical Malpractice Immunity Act, claimants had a choice of whom to sue for any medical malpractice. They could either sue the government, and if they were successful they would then be barred from suing the federal employee in his individual capacity. On the other hand, they could choose to sue the federal medical employee to avoid the disadvantages of proceeding under the FTCA.[2] The Medical Malpractice Immunity Act was passed to negate this choice by requiring a claimant to proceed against the government. *Report* at 4444. *See* 10 U.S.C. § 1089(a).

Section 1089(e) of the Medical Malpractice Immunity Act seemingly permits a plaintiff to sue the federal government for a claim arising out of assault and battery.[3] The legislative history of the Act indicates, however, that in passing the Act, Congress simply intended that a claimant be denied the opportunity to proceed individually against a federal medical employee for an assault and battery claim. *Report* at 4451. Congress apparently recognized that a claimant could successfully plead that a negligence or wrongful act constituted assault and battery in order to proceed against the individual employee. *Id.* In the section-by-section analysis of the Medical Malpractice Immunity Act, the Senate report states: "In short, subsection (e) makes the Federal Tort Claims Act the exclusive remedy for any action, including assault and battery, that could be characterized as malpractice." *Id.* The effect of this statutory section, then, was not to provide a claimant a right to sue either the government or the individual physician for personal liability as Plaintiffs argue. Rather, it functioned as an abrogation of a claimant's prior right to sue the physician personally. Therefore, Plaintiffs are limited to proceeding against the government for their assault and battery claim. Moreover, since the United States has not waived its sovereign immunity with respect to the assault and battery claim, this court lacks subject matter jurisdiction to hear the assault and battery claim. *See Bembenista v. United States*, 676 F.Supp. 18 (D.D.C. 1988), *rev'd on other grounds* 866 F.2d 493 (D.C.Cir.1989). Accordingly, Plaintiff's claim for assault and battery must be dismissed.

▮ Alternatively, Plaintiff urges that this court should apply the Supreme Court's holding in *Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988), and permit their assault and battery claim to go forward. In *Sheridan*, the Court found that the United

---

**2.** For example, under the FTCA, a claimant is not entitled to a jury trial. Further, the statute of limitations under the FTCA is only two years as opposed to state statutes of limitations regarding individual medical personnel.

**3.** The language of the statute provides:

For purposes of this section, the provisions of section 2680(h) of title 28 shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical, dental, or related health care functions (including clinical studies and investigations).
10 U.S.C. § 1089(e).

States was liable for the damage caused by an assault and battery because the government had negligently allowed the assault to occur. The facts in that case are as follows: An intoxicated off-duty serviceman fired several shots at a passing car on a public street causing injury and property damage to one of the petitioners. Just prior to this occurrence, naval corpsmen had found the serviceman in a "drunken stupor," attempted to take him to the hospital but fled when they saw that he possessed a rifle. The corpsmen took neither further action to subdue the serviceman, nor did they warn the appropriate authorities that he was drunk and brandishing a weapon. The court based its holding on the conduct of the corpsmen stating, "[T]he negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent of [the serviceman's] employment status." *Sheridan*, 487 U.S. at 401, 108 S.Ct. at 2455. Thus, foreseeability of the assault was the determinative factor in the *Sheridan* case.

In the present case, there is no evidence that the government knew or should have known that an assault and battery on Mrs. Jordan was a foreseeable risk. Plaintiffs allege that the United States "knew of Dr. Hudson's depraved proclivities," but they offer no evidence to substantiate that allegation. Therefore, even under the reasoning of *Sheridan*, Plaintiffs' assault and battery claim must be dismissed.

■ Plaintiffs further request that, if this court should find that the FTCA requires dismissal of their assault and battery claim, it should permit them to proceed individually against Dr. Hudson. In support of this argument, Plaintiffs cite subsection (f) of 10 U.S.C. § 1089, which permits the United States to indemnify individual physicians under circumstances pre-

cluding a federal tort claim remedy against the United States. A careful reading of the statute, however, reveals that this section does not apply to a situation such as presented in this case. Further, the cases relied upon by the Plaintiffs are inapposite to the present facts.[4]

Section 2679 of the FTCA provides that the remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee.... Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred." 28 U.S.C. § 2679(b). Therefore, relying on the statutory language, this court finds that Plaintiffs may not pursue Dr. Hudson individually for their assault and battery claim. Since their claim is specifically excepted under the FTCA, they may not look elsewhere for a remedy. *See Mitchell v. Carlson*, 896 F.2d 128 (5th Cir.1990).

In permitting the substitution of the United States as defendant in this case and dismissing Dr. Hudson, this court stated that it was accomplishing the substitution "pursuant to 28 U.S.C. § 2679(d)(1) as amended by Public Law 100–694, and 10 U.S.C. § 1089(a)." *See* April 18, 1990, order amending its April 17, 1990 order. The government urges that this amended order should be amended *"nun pro tunc* [sic]" to remove all references to the Gonzales Act (10 U.S.C. § 1089). In light of this order of the court holding that the FTCA is the exclusive remedy for any claim Plaintiffs may have, the court finds the government's request to be meritorious and grants this request.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that:

---

4. For example, in support of their position, Plaintiffs rely on the cases of *Smith v. Marshall,* 885 F.2d 650 (9th Cir.1989), and *Newman v. Soballe,* 871 F.2d 969 (11th Cir.1989), both of which fell within the language of § 1089(f) regarding military medical personnel assigned to foreign countries. Further, Plaintiffs cite

*Anderson v. O'Donoghue,* 677 P.2d 648 (Okla. 1983) which dealt with a military physician working on a civilian assignment in a private hospital. All of these cases fall squarely within the statute. Plaintiffs have failed to cite any cases that support their proffered interpretation of 10 U.S.C. § 1089(f).

(1) the government's motion to dismiss based on lack of subject matter jurisdiction because Plaintiffs' suit was not timely filed is DENIED;

(2) the government's motion to dismiss on the ground that Plaintiffs' assault and battery claim is not cognizable under the Federal Tort Claims Act is hereby GRANTED; and,

(3) the April 18, 1990, substitution order shall be amended *nunc pro tunc* to remove any references to 10 U.S.C. § 1089.