Maguenicia **CRESPO GONZALEZ,**
Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. Civ. 00–1289(JP).

United States District Court,
D. Puerto Rico.

May 4, 2000.

Joseph Deliz–Hernández, Bayamón, PR, for plaintiff.

José J. Santos–Mimoso, Assistant U.S. Attorney, Hato Rey, PR, for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it the United States' Motion to Dismiss (**docket No. 3**) and Memorandum of Law in support thereof (**docket No. 10**); Plaintiff's Motion and Memorandum Opposing Dismissal (docket No. 14); and the United States' tendered reply.[1] For the reasons that follow, the Court hereby **GRANTS** the United States' Motion and **DISMISSES** the instant case.

The United States does not specify the particular subsection of Rule 12(b) of the Federal Rules of Civil Procedure under which it pursues the dismissal of the instant action. However, because its discussion is centered on the Court's lack of subject matter jurisdiction over the instant case, the Court shall proceed under a Rule 12(b)(1) standard. Under Rule 12(b)(1), once a defendant files a Motion contesting the Court's subject matter jurisdiction, the burden of establishing jurisdiction falls on the plaintiff. *See Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

## I. BACKGROUND

Plaintiff Maguenicia Crespo González ("Crespo") brought a medical malpractice claim in Puerto Rico state court against Dr. Dixon E. Matos ("Matos") and Raúl Torres, R.N., ("Torres"), both of whom were in the employ of the Veterans Administration Hospital in Mayagüez. Crespo avers in her state complaint that Matos and Torres' negligent treatment of her husband, Erasmo Lamberty Carlo ("Lamberty"), resulted in his eventual death due to cancer.

Pursuant to 28 U.S.C. § 2679, the United States filed a notice of removal to this Court. Attached to its notice of removal was a certification from the United States

Attorney attesting that Matos and Torres were at all relevant times federal employees acting within the scope of their employment. The Court took notice of the removal and granted the United States' subsequent motion to substitute the United States as defendant for Matos and Torres in accordance with 28 U.S.C. § 2679(d)(2).

## II. DISCUSSION

The United States argues that because Crespo failed to file an administrative claim with the Veterans Administration ("VA") before bringing suit, as required by the Federal Tort Claims Act, the Court lacks subject matter jurisdiction. In a terse opposition which cites no relevant case law, Crespo argues that it is an "error in logic" for the United States to request a removal only to turn around and move to dismiss for want of jurisdiction. The Court disagrees with Crespo's opposition and finds the government's arguments compelling.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, allows a person injured by a Government employee acting within the scope of his or her employment to sue the United States in tort. *See United States v. Smith,* 499 U.S. 160, 162, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). The provisions of FTCA constitute a waiver of sovereign immunity by the United States. *See Jordan v. United States,* 740 F.Supp. 810, 812 (W.D.Okla.1990) (citing *Martin v. United States,* 436 F.Supp. 535 (S.D.Cal.1977)). The remedies against the United States under the FTCA, however, are "exclusive for any other civil action or proceeding for money damages." *See* 28 U.S.C. § 2679(b)(2).

The Liability Reform Act, an amendment to the FTCA, cloaks federal employees with absolute tort immunity for their acts committed "within the course and scope of their employment, whether discretional or operational." *Perry v. United*

1. The Court therefore **GRANTS** the U.S.'s Request for Leave to File Reply (**docket No. 15**).

*States,* 936 F.Supp. 867, 872 (S.D.Ala. 1996). Accordingly, the Liability Reform Act grants federal employees absolute immunity and makes the FTCA claim against the United States "the exclusive remedy for torts committed by Government employees in the scope of their employment." *See Smith,* 499 U.S. at 163, 111 S.Ct. 1180.

Section 2679(d) of Title 28 of the United States Code provides that:

(1) Upon certification of the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident .... any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States .... and the United States shall be substituted as the party defendant.

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident .... any civil action or proceeding commenced upon such claim in a State court shall be removed .... to the district court of the United States ....

[t]his certification of the Attorney General shall conclusively establish scope of office or employment for removal purposes.

Although the Attorney General's certification is sufficient to remove under 28 U.S.C. § 2679(d)(2), such certification is not conclusive that the employees were indeed acting within the scope of his or her employment. *See Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 431–37, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). It is the plaintiff's burden to prove that the federal employee was not acting within the scope of his employment. *See Perry,* 936 F.Supp. at 873.

In the instant case, Crespo does not contest and makes no attempt to address whether Matos or Torres were acting within their scope of employment during their treatment of Lamberty. In view of her failure to shoulder her burden, the Court determines for purposes of the instant motion that Matos and Torres were acting within their scope of employment while treating Lamberty. Therefore, FTCA is Crespo's sole remedy for the alleged medical malpractice. Matos and Torres are cloaked with absolute immunity.

As the FTCA is the only remedy available to Crespo, she must comply with the administrative filing requirement of this statute. *See Jordan,* 740 F.Supp. at 812. The failure of a plaintiff in an FTCA action to bring an administrative filing deprives the court of jurisdiction to hear said claim. *See id.* Before the Court can acquire jurisdiction, the plaintiff's claim must first be denied by the relevant agency, in this case the VA. *See id.* There are two ways the agency can deny an administrative claim: through a formal denial or through administrative inaction for six months following the filing. *See id.*

Crespo filed a Claim for Damage, Injury, or Death with the Veterans' Administration on March 9, 2000, after Defendant filed its motion to dismiss and after the removal of the instant case. Furthermore, there has been no formal denial of her claim and six months have not transpired from the time of its filing. Therefore, the Court does not have jurisdiction over the instant case and hereby **DISMISSES** the above-captioned case **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**